## Richmond

## CITY OF NORFOLK V. MILTON L. BROWN

April 21, 1978.

Record No. 761595.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Alan M. Salsbury (Philip R. Trapani, City Attorney; Benjamin W. Bull, Assistant City Attorney,* on brief) for appellant.

*Stephen C. Swain (Clark, Hofheimer & Stant, P.C.,* on brief) for appellee.

Per Curiam.

This is an appeal by the City of Norfolk (City) from the trial court's dismissal of a warrant charging Milton L. Brown (Brown) with refusing to take a blood or breath alcohol test as required under Norfolk City Code § 29-44, an ordinance which parallels § 18.2-268 of the Code of Virginia (Repl. Vol. 1975).

By cross-error, Brown challenges this court's jurisdiction to entertain the City's appeal. A refusal proceeding, however, is administrative and civil, not criminal, in nature. *Deaner* v. *Commonwealth,* 210 Va. 285, 170 S.E.2d 199 (1969). Hence, this court has jurisdiction in the case. *Virginia Beach* v. *Reneau,* 217 Va. 867, 234 S.E.2d 241 (1977). Neither do we find merit in other cross-errors assigned by Brown.

The real issue in the case concerns the adequacy of the advisory warnings given Brown with respect to both his obligation to take a blood or a breath test and the consequences of an unreasonable refusal to take a test. Norfolk City Code § 29-44(c).*

Arrested for driving under the influence, Brown was asked by the arresting officer whether he wished to take a blood or a breath test. Brown told the officer to make the choice. When advised that the choice was his, Brown insisted that the officer choose. Brown then was told that, if he refused to take one of the tests, he "would be charged with another offense."

---

*Norfolk City Code § 29-44(c) provides:

"(c) If a person after being arrested for a violation of section 29-43, *and after having been advised by the arresting officer that a person who operates a motor vehicle upon a public highway in this state shall be deemed thereby, as a condition of such operation, to have consented to have a sample of his blood or breath taken for a chemical test to determine the alcoholic content of his blood and that the unreasonable refusal to do so constitutes grounds for the revocation of the privilege of operating a motor vehicle upon the highways of this state,* then refuses to permit the taking of a sample of his blood or breath for such tests, the arresting officer shall take the person arrested before a committing magistrate and if he does again so refuse after having been further advised by such magistrate of the law requiring a blood or breath test to be taken and the penalty for refusal, and so declares again his refusal in writing upon a form provided by the [D]ivision of [C]onsolidated [L]aboratory [S]ervices (hereinafter referred to as [D]ivision, or refuses or fails to so declare in writing and such fact is certified as prescribed in paragraph (j), then no blood or breath sample shall be taken even though he may thereafter request same" (emphasis added).

Transported to police headquarters, Brown was asked by the desk sergeant, in the presence of the arresting officer, which of the two tests he wished to take. When Brown "again refused," the sergeant advised him of the requirements of Norfolk City Code § 29-44 and of the consequences of an unreasonable refusal to take one of the tests. Still refusing to choose between the two tests, Brown was taken before a magistrate. This official also informed Brown of the requirements of § 29-44 and of the consequences of an unreasonable refusal to take a test. Brown refused not only to take a test but also to execute the refusal form required by § 29-44(c).

The City tacitly concedes that the advisory warning given Brown by the arresting officer was insufficient to satisfy § 29-44(c). The City argues, however, that, because Brown was fully advised by the desk sergeant and by the magistrate of the requirements of § 29-44 and of the consequences of an unreasonable refusal to take a test, the "statutory purpose has been fully vindicated and satisfied." Hence, the City contends, the trial court erred in dismissing the refusal charge against Brown. On the other hand, Brown argues that the arresting officer's failure to warn him of the consequences of an unreasonable refusal to take a test was fatal to the City's case.

We agree with the City. As noted, a refusal proceeding is administrative and civil in nature. The Norfolk ordinance is remedial in character, and it is to be liberally construed. While the purpose of § 29-44(c) is to insure that a refusal is knowing and intelligent, it would be unrealistic to say that the ultimate refusal in this case stemmed from any ignorance of the requirements of the ordinance or the consequences of an unreasonable refusal to take one of the prescribed tests. Brown was fully informed twice of these matters. The advice given Brown by the desk sergeant and by the magistrate served the purpose of, and constituted substantial compliance with, § 29-44(c). To hold otherwise would exalt form over substance.

Therefore, we will reverse the judgment below and remand this case for further proceedings.

*Reversed and remanded.*