## CIRCUIT COURT OF CAMPBELL COUNTY

Commonwealth of Virginia

v.

James Marcus Bandy

June 3, 1982

By JUDGE J. SAMUEL JOHNSTON, JR.

The issue of the Commonwealth's right to appeal a dismissal of a refusal of a blood or breath test has been previously decided by the Virginia Supreme Court in *City of Virginia Beach v. Robert R. Reneau*, 217 Va. 867 (1977). See also *City of Norfolk v. Milton L. Brown*, 218 Va. 924 (1978). The language in those cases leaves no doubt in my mind as to the Commonwealth's having the right to appeal a dismissal of a refusal of the blood or breath test. Thus, I find that the Commonwealth has that right and properly exercised the same in the instant case.

Having decided the first issue in favor of the Commonwealth, the next issue involves the reasonableness of the refusal by James Marcus Bandy. While Bandy paints a sympathetic picture, his refusal cannot be considered reasonable. Bandy states that he did not trust the breath test results as they are administered by other law enforcement officials and thus, inherently unfair and weighted in favor of the Commonwealth. Mr. Bandy might well have suspected or envisioned this in his own mind, but there is no evidence which would give credence to his reasoning or otherwise justify his refusal. .

There can be no doubt that he preferred and requested the blood test and that test was unavailable. The Campbell County jail nurse was not on duty at the time and Lynchburg General Hospital said there would be a four or five hour

delay which, in effect, made that test unavailable. Defense counsel argued that the trooper should have sought out a private physician or gone to a hospital in another jurisdiction in an attempt to obtain a blood test for Bandy. I feel that it would impose an unreasonable burden on the Commonwealth to require that every time there is unavailability of a blood or breath test that they exhaust every possible source of availability. Clearly, in my estimation, the trooper made all reasonable efforts to secure a blood test for Mr. Bandy. The General Assembly evidently took note that there would be occasions of a test being unavailable as set forth in the language of Section 18.2-268(b) of the Code of Virginia.

In accordance with what I have set out hereinabove, I find the defendant, James Marcus Bandy, guilty of unreasonably refusing to take a breath test and suspend his operator's license and privilege to drive in this Commonwealth for a period of 90 days.