# Scott E. Marchand

## v.

# Division of Crime Victims' Compensation of the Commonwealth of Virginia

Record No. 841287

January 17, 1986

Present: All the Justices

*William H. Hurd (Bryant, Hurd & Porter*, on brief), for appellant.

*Christopher D. Eib, Assistant Attorney General (William G. Broaddus, Attorney General; Walter A. McFarlane, Deputy Attorney General*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In 1976, the General Assembly enacted a statute entitled "Compensating Victims of Crime" (the Act) as Code §§ 19.2-368.1 to -368.18. Acts 1976, c. 605. The expressed legislative intent is "that aid, care and support be provided by the Commonwealth as a matter of moral responsibility for such victims of crime." Code § 19.2-368.1. The Act designates the Industrial Commission to promulgate appropriate rules and regulations, to hear claims, and to determine whether awards should be made. Code § 19.2-368.3. Awards are to be paid from the Criminal Injuries Compensation Fund, composed of additional costs assessed and collected in criminal cases. Code § 19.2-368.18.

The claimant, Scott E. Marchand, lost the sight in his right eye on July 9, 1983. He was riding as a passenger in an automobile when the occupant of another vehicle threw or shot an object into his eye. Marchand filed a claim under the Act with the Division of Crime Victims' Compensation and was held to be entitled to compensation. The Director of the Division awarded Marchand his medical expenses and 66⅔% of his average weekly wages before his injury for the nine weeks he was incapacitated from work. Upon review, the Industrial Commission, one commissioner dissenting, affirmed the award. Marchand argues on appeal, as he did before the Industrial Commission, that he was entitled to compensation under the Workers' Compensation Act schedule, Code § 65.1-56, for 100 weeks rather than for only the nine weeks that he actually lost from work. To resolve this novel question, we must construe these provisions of the Act in effect at the time Marchand was injured:

**§ 19.2-368.11. Amount of award.**—A. Any award made pursuant to this chapter for loss of earnings shall be made in accordance with the schedule of benefits and degree of disability as specified in §§ 65.1-54 through 65.1-56 and 65.1-65 of the Code of Virginia. If a claimant does not have "average weekly wages," the award shall be in an amount equal to the arithmetic average between the maximum and minimum awards listed in the applicable portion of these sections.

B. Awards may also be made on claims, or portions of claims, for (1) unreimbursed medical expenses or indebtedness reasonably incurred for medical expenses; (2) expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the victim would have performed, but for the benefit of himself and his family, if he had not been a victim of crime; (3) expenses in any way related to funeral or burial, not to exceed $1,500; (4) expenses attributable to pregnancy resulting from forcible rape; (5) any other reasonable and necessary expenses or indebtedness incurred as a direct result of the injury or death upon which such claim is based, not otherwise specifically covered herein, based on the claimant's actual out-of-pocket loss for such expenses, which in the discretion of the Commission are appropriate. Such award shall be subject to a deduction of $100 from any and all losses, and such award shall not exceed $12,500 in the aggregate. An award to a person sixty-five years of age or older shall not be subject to any deduction.

**§ 19.2-368.13. Denial of award.***—If the Commission finds that the claimant will not suffer undue financial hardship, if not granted financial assistance pursuant to this chapter, the Commission shall deny an award. A claimant suffers undue financial hardship only if he cannot maintain his customary level of health, safety and education for himself and his dependents. In making such a finding of undue financial hardship, the Commission shall consider all relevant factors, including but not limited to, (1) the number of claimant's dependents, (2) the usual and ordinary living expenses of the claimant and his family, (3) any special needs of the claimant and his dependents, (4) the claimant's income and potential earning capacity, and (5) the claimant's resources.

---

* Code § 19.2-368.13 was repealed in 1984. Acts 1984, c. 619.

■ Code § 65.1-56(16), incorporated by reference in § 19.2-368.11, provides compensation "[f]or the permanent total loss of the vision of an eye 66⅔% of the average weekly wages during 100 weeks." The preamble to § 65.1-56 states that the incapacity "shall be deemed to continue for the period specified" in the schedule.

The language of § 19.2-368.11 is mandatory rather than discretionary. It requires compensation for loss of earnings in accordance with the Workers' Compensation Act schedule.

■ The Division of Crime Victims' Compensation relies on the discretionary language of § 19.2-368.13 to justify the award made to Marchand. We do not so read this section. We construe the provision to permit the Industrial Commission to deny any award if it finds that the claimant will not suffer undue financial hardship. If, however, the Commission makes a finding of undue financial hardship, considering the relevant factors enumerated in § 19.2-368.13, then an award will be forthcoming in an amount determined as specified in § 19.2-368.11. The discretionary authority of the Commission is limited to denial of an award upon a finding of no undue financial hardship.

■ Under our construction of the Act, we reconcile the provisions of §§ 19.2-368.11 and 19.2-368.13. To interpret § 19.2-368.13 as the Commission did leads to irreconcilable conflict between the two sections and fails to give effect to the mandatory language of § 19.2-368.11. While we accord weight to the construction placed upon a statute by the agency charged with its administration, we cannot agree with the Commission's interpretation of the Act. As we do not believe the General Assembly intended to enact irreconcilable provisions in the Act, we construe the provisions in a way that gives full effect to all the statutory language.

■ We hold, therefore, that under the mandatory provision of § 19.2-368.11, Marchand was entitled to receive the compensation for lost earnings prescribed in § 65.1-56 for the loss of sight in his eye, subject of course to the statutory limitation of $12,500 in the aggregate. Accordingly, we will reverse the award and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*