Present:  Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Poff, Senior Justice

CITY OF VIRGINIA BEACH

v.  Record No. 961285    OPINION BY JUSTICE BARBARA MILANO KEENAN
                              February 28, 1997
ERIC M. SIEBERT

        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                         John K. Moore, Judge


        The sole issue in this appeal is whether a municipality has

a right of appeal to the circuit court from a general district

court judgment dismissing a charge of refusal to submit to a

blood or breath alcohol test.

        In January 1995, Eric M. Siebert was arrested in the City of

Virginia Beach (the City) for driving under the influence of

alcohol.  He also was charged with refusing to take a blood or

breath alcohol test, in violation of Virginia Beach City Code

§ 21-338(c).[1]  The general district court dismissed the refusal

charge, and the City appealed the dismissal to the circuit court.

        In the circuit court, Siebert filed a motion to dismiss the

City's appeal on the ground that Code § 16.1-106 does not

authorize the City to appeal a dismissal of a refusal charge.[2]

_____

[1]Virginia Beach City Code § 21-338(c) contains essentially

the same language as Virginia Code § 18.2-268.3.

[2]Code § 16.1-106 provides, in relevant part, for an appeal

of right to a court of record

        [f]rom any order entered or judgment rendered in a
        court not of record in a civil case in which the matter
        in controversy is of greater value than fifty dollars,
        exclusive of interest, any attorney's fees contracted
        for in the instrument, and costs, or when the case

The trial court granted Siebert's motion and entered an order dismissing the case.

The City argues that the circuit court erred in dismissing its appeal. The City asserts that, since this Court has ruled that a municipality may appeal the dismissal of a refusal charge from the circuit court to this Court, the City must also have a right of appeal to the circuit court from the general district court. See City of Norfolk v. Brown, 218 Va. 924, 925, 243 S.E.2d 200, 200 (1978). The City also contends that Code § 18.2-268.4, which guarantees the right to a jury trial in a refusal case "if requested by either party on appeal to the circuit court," implicitly acknowledges that either party has a right of appeal from a general district court judgment in a refusal case.

We first observe that a charge of refusal to take a blood or breath alcohol test is civil and administrative in nature. Cash v. Commonwealth, 251 Va. 46, 49, 466 S.E.2d 736, 738 (1996); Commonwealth v. Gray, 248 Va. 633, 635-36, 449 S.E.2d 807, 809 (1994); Commonwealth v. Rafferty, 241 Va. 319, 321-22, 402 S.E.2d 17, 19 (1991); Deaner v. Commonwealth, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969). Thus, we consider Code § 16.1-106, which governs the right of appeal in civil cases from the general district courts. We must determine whether the omission of a
(..continued)
> involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.1-340 et seq.) . . . .

reference to refusal cases in that statute precludes a right of appeal in such cases to the circuit court.

In conjunction with the provisions of Code § 16.1-106, we consider Code § 8.01-670, which governs the right of appeal in civil cases from the circuit courts to this Court, and Code § 18.2-268.4, which establishes the procedure for trial of refusal cases in the circuit court.  We must construe these three statutes, if possible, in a manner that harmonizes and gives effect to each of them.  See First Virginia Bank v. O'Leary, 251 Va. 308, 312, 467 S.E.2d 775, 777 (1996); Albemarle County v. Marshall, Clerk, 215 Va. 756, 761, 214 S.E.2d 146, 150 (1975).

We conclude that the three statutes, considered collectively, demonstrate a legislative intent to provide either party a right to appeal to the circuit court an adverse judgment in a refusal case.  Code § 16.1-106 provides the same rights of appeal to plaintiffs and defendants in civil cases.  Therefore, if the City does not have a right of appeal to the circuit court in a refusal case, the defendant also has no right of appeal.

Code § 18.2-268.4, however, details procedures for the trial of appeals of refusal cases in the circuit courts.  If neither party can appeal from a general district court's judgment in a refusal case, the procedures set forth in this statute would be rendered meaningless.  We will not construe a statute in a manner that deprives another statute of effect or meaning.  See County of Greensville v. City of Emporia, 245 Va. 143, 149, 427 S.E.2d

- 3 -

352, 356 (1993); Marchand v. Division of Crime Victims' Compensation, 230 Va. 460, 463, 339 S.E.2d 175, 177 (1986).

In addition, unless a party has a right to appeal an adverse judgment to the circuit court in a refusal case, that party could never exercise an appeal to this Court. However, this Court has recognized that in refusal cases, both municipalities and the Commonwealth have a right of appeal from the circuit court to this Court. See Rafferty, 241 Va. at 323-24, 402 S.E.2d at 20; City of Norfolk v. Brown, 218 Va. at 925, 243 S.E.2d at 200. This right is granted to municipalities and the Commonwealth, as well as to defendants, by Code § 8.01-670(A)(3), based on their status as "person[s] . . . aggrieved . . . [b]y a final judgment in any other civil case."

We conclude that the language of Code § 16.1-106 can be construed to avoid such statutory inconsistencies. We interpret the monetary controversy provision of Code § 16.1-106 as language intended to exclude a right of appeal in those civil cases involving an insignificant monetary controversy. A refusal case does not fall within this category of excluded cases because the right at issue does not involve a monetary controversy.

The legislative intent to provide for an appeal to the circuit court in refusal cases is manifest when Code § 16.1-106 is considered together with the following directive of Code § 18.2-268.4:

> The procedure for appeal and trial [of refusal cases] shall be the same as provided by law for misdemeanors; if requested by either party on appeal to the circuit

> court, trial by jury shall be as provided in Article 4
> (§ 19.2-260 et seq.) of Chapter 15 of Title 19.2, and
> the Commonwealth shall be required to prove its case
> beyond a reasonable doubt.  [Emphasis added.]

Thus, we hold that Code § 16.1-106 allows the City a right of appeal to the circuit court from an adverse judgment in a refusal case.  This conclusion harmonizes the three statutes under consideration and gives full effect to their provisions.

For these reasons, we will reverse the trial court's judgment and remand the case for trial on the refusal charge.

Reversed and remanded.