## CIRCUIT COURT OF CAMPBELL COUNTY

Commonwealth of Virginia

v.

Mark Allen Keesee

June 17, 1998

BY JUDGE J. SAMUEL JOHNSTON, JR.

Since the salient facts in the instant case are not in dispute, I will briefly recite them. The defendant (Keesee) was operating a motor vehicle on U.S. 29 North in Campbell County the night of March 27, 1997, or early morning of March 28, 1997. The accident was brought to the attention of the state police at 1:26 a.m. on March 28, 1997. The trooper arrived at the accident scene at 1:42 a.m., finding Keesee pinned under the steering wheel of the overturned car. The key was in the ignition and the car was in gear, apparently held in gear by some type of bungee cord. There is no evidence as to how the bungee cord was placed in the car. Keesee was severely injured and was being attended to by rescue personnel and other bystanders when the trooper arrived. Keesee admitted driving, could not recall the accident, had slurred speech, a thick tongue, a strong odor of alcohol, and had nothing to drink since the accident. The defendant was arrested at 2:20 a.m., and a sample of his blood was withdrawn at 3:56 a.m. on March 28, 1997.

The issue in this case is the admissibility of the blood test results. The Commonwealth argues that Keesee was "operating" his vehicle at 1:42 a.m. In support of its contention, the Commonwealth cites *Gallagher v. Commonwealth*, 205 Va. 666, 139 S.E.2d 37 (1964); *Nicolls v. Commonwealth*, 212 Va. 257, 184 S.E.2d 9 (1971); *Stevenson v. City of Falls Church*, 243 Va. 434, 416 S.E.2d 435 (1992); *Lyons v. City of Petersburg*, 221 Va. 10, 266 S.E.2d 880 (1980); and *Propst v. Commonwealth*, 24 Va. App. 791, 485 S.E.2d 657 (1997).

The defendant simply argues that the fact that the car was upside down and he was injured to such an extent to render it impossible for him to drive mandates a finding that he was not "operating" the vehicle at 1:42 a.m. when the trooper arrived. He avers, *ergo*, that there is insufficient evidence to establish the time of the operation of the vehicle, thus rendering the results of the blood test inadmissible.

I rule that the blood test results are admissible. I find that the defendant was operating the motor vehicle at 1:42 a.m. when the trooper arrived on the scene. True, the vehicle was overturned and the defendant was incapacitated, but the true test of operating a vehicle requires a common sense approach, and there can be no one definition of operation of a vehicle. In fact, Keesee had moved the vehicle on a public highway, started the engine, manipulated the mechanical and electrical equipment of the car, and engaged the machinery of the vehicle which activated the motive power of the car. *See Williams v. Commonwealth*, 216 Va. 297, 217 S.E.2d 893 (1975). The Court of Appeals recently found that a defendant was "operating" a vehicle even though the defendant was outside the vehicle on the passenger's side when the police confronted him. *Leake v. Commonwealth*, 27 Va. App. 101 (1998).

The second reason I am admitting the results of the blood analysis is that I do not deem it necessary that the arrest be made within two hours of the operation of a vehicle before the results can be admitted. This finding is apparently contrary to Virginia law as held by the Court of Appeals in *Castillo v. Commonwealth*, 21 Va. App. 482, 465 S.E.2d 146 (1995), and the Supreme Court in *Thomas v. Town of Marion*, 226 Va. 251, 308 S.E.2d 120 (1983), decided under former § 18.2-268. To me the logical reading of § 18.2-268.2(A) means that a person cannot be convicted of refusing the blood test if the arrest is not effectuated within two hours of the act of operating a motor vehicle. I am not unmindful of the doctrine of *stare decisis*, but common sense and logic compel my finding. *Cf. Nunnally v. Artis*, 254 Va. 247, 492 S.E.2d 126 (1997). If Trooper Childress had observed this defendant operating a motor vehicle at 12:00 a.m., kept the defendant within his control at all times, observed that the defendant had nothing to drink since the operation of the vehicle at 12:00 a.m., but for some reason did not arrest the defendant until 2:01 a.m., would the law render the results of the blood test inadmissible? What if the trooper made an arrest, under the same scenario, at 1:59 a.m. but did not administer the test until 4:00 a.m.? To rule the test results inadmissible under the first scenario and admissible under the second scenario would elevate form over substance and, in my opinion, be totally illogical.

It should be noted that while § 18.2-266 is penal, § 18.2-268.2(A) is civil in nature and not penal, although the trial of a refusal in circuit court is the

same as for a misdemeanor. *City of Virginia Beach v. Siebat*, 253 Va. 250, 483 S.E.2d 214 (1997). Finally, there appear to be exceptions to strict adherence to the "two hour rule." The Supreme Court in *Bowman v. Commonwealth*, 201 Va. 656, 112 S.E.2d 887 (1960), allowed the results of a blood test wherein the arrest of the defendant did not occur until some days after the act of driving. The officer's arrest was delayed for "humane reasons." The Supreme Court ruled that it is "the plain intent of the statute to make available as evidence the ascertainment of the amount of alcohol in the blood of a person at the time of his offense." *Bowman, supra*, at 661. In fact, substantial compliance is all that is required in order to comply with the implied consent statute with regard to the withdrawal of blood or sampling of breath. *Snider v. Commonwealth*, 26 Va. App. 729, 496 S.E.2d 665 (1998). In my opinion, to rule the blood test results inadmissible under the facts of this case would be nothing more than paying homage to or giving fealty to a technical nicety which is or should be contrary to Virginia law.

For the foregoing reasons, I admit the results of the blood test (.16) and convict the defendant of DUI. Counsel for the defendant and the Commonwealth Attorney will schedule a formal sentencing date.