PRESENT:  Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and Agee, JJ., and Lacy, S.J.[1]

GARY EARL NEIGHBORS

v. Record No. 062460

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE G. STEVEN AGEE
September 14, 2007

FROM THE CIRCUIT COURT OF ORANGE COUNTY
Daniel R. Bouton, Judge

Gary Earl Neighbors appeals from the judgment of the Circuit Court of Orange County which denied his appeal from the General District Court of Orange County's refusal of his petition for a writ of coram nobis.  Neighbors contends the circuit court erred when it ruled that it did not have jurisdiction to consider his appeal and that a writ of coram nobis was "not the proper vehicle to challenge" Neighbors' guilty plea.  For the reasons set forth below, we will reverse the judgment of the circuit court in part, affirm the judgment in part, and enter final judgment.

I. BACKGROUND AND MATERIAL PROCEEDINGS BELOW

Neighbors was arrested for violating Code § 18.2-479.1[2] but entered an Alford plea to the reduced charge of resisting arrest

_____

[1] Justice Lacy participated in the hearing and decision of this case prior to the effective date of her retirement on August 16, 2007.

[2] Code § 18.2-479.1 states that "[a]ny person who intentionally prevents or attempts to prevent a law-enforcement officer from lawfully arresting him, with or without a warrant, is guilty of a Class 1 misdemeanor."

in the General District Court of Orange County on June 14, 2004.[3] Neighbors was convicted and fined $50. After the statutory period to appeal his conviction to the circuit court had expired under Code § 16.1-132, Neighbors filed a pleading styled "Petition in Form of Writ of Error *Coram Nobis* and Motion to Revoke/Vacate Plea" in the district court on September 30, 2004. Neighbors contended in the petition that when he originally entered his guilty plea, he "did not have the requisite capacity to enter a plea" because he was "taking heavy doses of medication at the time the plea was given."

The general district court denied the petition by order which stated that Neighbors' "Petition for a Writ *Coram Nobis* and Motion to Revoke/Vacate Plea does not lie within the jurisdiction of the General District Court." Neighbors timely appealed the general district court's order to the circuit court which denied the appeal by an order dated August 25, 2006. The circuit court's order stated:

> [T]he Circuit Court does not have appellate
> jurisdiction of this matter under [Code §] 16.1-132
> . . . as the time to perfect an appeal from the
> General District Court in a criminal matter has
> elapsed, the matter before the Court is civil in
> nature, the matter is not an appeal of a bond

---

[3] See North Carolina v. Alford, 400 U.S. 25, 37-38 (U.S. 1970) (An "Alford plea" is where a defendant asserts his innocence but admits that sufficient evidence exists which could likely convince a judge or jury to find the defendant guilty). See also Parson v. Carroll, 272 Va. 560, 565, 636 S.E.2d 452, 454-55 (2006) (describing effect of Alford plea in Virginia).

2

forfeiture and other appeal rights conferred under [Code §] 16.1-132 are applicable; and

[U]nder [Code §] 16.1-106 [Neighbors] does not have a right to appeal an order or judgment from the General District Court to the Circuit Court, as this matter although civil in nature, is not a matter in which the amount in controversy is of greater value than fifty dollars;

[A] writ of coram nobis in the Commonwealth of Virginia is not the proper vehicle to challenge the insanity/incapacity of the defendant in regards to their plea of guilt and that the Circuit Court has no jurisdiction to correct errors in the record of the General District Court of the matters and issues as asked by [Neighbors] in [his] writ of coram nobis . . . .

Neighbors assigned error to the circuit court's judgment that it lacked jurisdiction to consider an appeal from a general district court under Code § 16.1-106 for the denial of a writ of coram nobis. In addition, he assigned error to the circuit court's judgment that "a Writ of *Coram Nobis* is not a proper method of challenging Neighbors' incapacity at the time the plea was entered."[4]  We awarded Neighbors this appeal.

---

[4] Neighbors also asserted a third assignment of error:

The Circuit Court erred when it stated the Circuit Court could not correct matters on the record of the General District Court because it is inherent in the grant of appellate jurisdiction to the Circuit Court that the Circuit Court would have the power to correct matters of fact of the inferior tribunal especially considering that civil matters on appeal to the Circuit Court are ruled upon in de novo proceedings.

We do not need to reach this assignment of error because our disposition of the other assignments of error is dispositive.

3

II. ANALYSIS

A.   Introduction

In Dobie v. Commonwealth, 198 Va. 762, 96 S.E.2d 747 (1957), we explained the genesis and function of a writ of coram vobis.[5]

> The writ of error *coram vobis*, or *coram nobis*, is an ancient writ of the common law. It was called *coram nobis* (before us) in King's Bench because the king was supposed to preside in person in that court.  It was called *coram vobis* (before you – the king's justices) in Common Pleas, where the king was not supposed to reside.  The difference related only to the form appropriate to each court and the distinction disappeared in this country when the need for it ended. 49 C.J.S., Judgments, § 311, p. 561, n. 28. Mr. Minor says the proper designation here is *coram vobis*. IV Minor's Inst., 3 ed., Part I, pp. 1052-3.

> The principal function of the writ is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal or other existing statutory proceeding.  Black's Law Dict., 3 ed., p. 1861; 24 C.J.S., Criminal Law, § 1606 b., p. 145; Ford v. Commonwealth, 312 Ky. 718, 229 S.W.2d 470.  It lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have prevented rendition of the judgment.  It does not lie for newly-discovered evidence or newly-arising facts, or facts adjudicated on the trial.  It is not available where advantage could have been taken of the alleged error at the trial, as where the facts complained of were known before or at the trial, or where at the trial

---

[5] For purposes of this opinion, we will use the term coram vobis, as recognized in Code § 8.01-677.  Coram vobis shall be deemed to include the term coram nobis and both shall be considered to be the same proceeding in modern pleading and practice.

4

> the accused or his attorney knew of the existence of such facts but failed to present them.  24 C.J.S., Criminal Law, § 1606 at p. 148; 49 C.J.S., Judgments, § 312 c., pp. 563, 567.

198 Va. at 768-69, 96 S.E.2d at 752.  As a common law writ, coram vobis has been substantially limited by the General Assembly through Code § 8.01-677, which provides that "[f]or any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court."  We recognized the restriction of a writ of error coram vobis only to clerical errors and certain errors in fact in Blowe v. Peyton, 208 Va. 68, 155 S.E.2d 351 (1967), when we reviewed the statutory predecessor to Code § 8.01-677:

> Our statute is in simple, clear and unambiguous language, and we read it to mean what it says. It does not provide that it may be used to obtain a writ of error, or an appeal, or for any purpose other than to correct a "clerical error or error in fact."  It does not supplant the writ of habeas corpus. If its provisions should be widened, the enlargement should be effected by the legislature.

208 Va. at 74, 155 S.E.2d at 356.[6]

With this historical and statutory background in mind, we now turn to Neighbors' assignments of error.

---

[6] Blowe considered Code § 8-485 (1950), predecessor to current Code § 8.01-677.  The primary text of the two statutes is nearly identical.

5

B.  Jurisdiction of the Circuit Court

Neighbors contends on appeal that at the time of his general district court plea on the resisting arrest charge, "the various, medically prescribed medications he was taking rendered him incompetent and thus unable to grasp the gravity of his situation and to knowingly, intelligently, and voluntarily enter a plea of guilt."  Although Neighbors contends the general district court erred in holding it did not have jurisdiction to consider the petition, the issue on appeal is whether the circuit court erred in concluding that it did not have jurisdiction to hear the appeal from the general district court. Neighbors argues that the circuit court erred in concluding that the writ of coram vobis was not a subject embraced by Code § 16.1-106 regarding civil cases for which an appeal lies from the general district court to the circuit court.[7]  He contends that Code § 16.1-106, when read in light of our decision in City of Virginia Beach v. Siebert, 253 Va. 250, 483 S.E.2d 214 (1997), does bring a writ of coram vobis proceeding within the ambit of Code § 17.1-513, which explicates the jurisdiction of the circuit courts.

---

[7] While a writ of coram vobis may be applicable in criminal or civil proceedings, see United States v. Morgan, 346 U.S. 502, 507-09 (1954), the parties do not dispute that the petition for the writ in this case is a civil proceeding.

6

The Commonwealth responds that because Code § 16.1-106 "on its face does not remotely suggest that coram nobis is among the categories of cases appealable from courts not of record to circuit courts," the circuit court was therefore without jurisdiction to consider the appeal. We agree with Neighbors on this issue.

Code § 17.1-513 sets forth the jurisdiction of the circuit courts and provides, in pertinent part:

> [Circuit courts] shall have appellate jurisdiction of all cases, civil and criminal, in which an appeal, writ of error or supersedeas may, as provided by law, be taken to or allowed by such courts, or the judges thereof, from or to the judgment or proceedings of any inferior tribunal.

As Code § 17.1-513 recites, the circuit court would have appellate jurisdiction in this case if the appeal on denial of a writ of coram vobis is an appeal "as provided by law." The circuit court apparently reasoned in the case at bar that it lacked jurisdiction over Neighbors' appeal because "this matter although civil in nature, is not a matter in which the amount in controversy is of greater value than fifty dollars," and thus was not "as provided by law" for purposes of Code § 17.1-513.

The circuit court's reference to an amount in controversy requirement is set forth in Code § 16.1-106, which provides, in pertinent part:

> From any order entered or judgment rendered in a court not of record in a civil case in which the

7

> matter in controversy is of greater value than fifty dollars, exclusive of interest, any attorney's fees contracted for in the instrument, and costs, or when the case involves the constitutionality or validity of a statute of the Commonwealth, or of an ordinance or bylaw of a municipal corporation, or of the enforcement of rights and privileges conferred by the Virginia Freedom of Information Act (§ 2.2-3700 et seq.), or of a protective order pursuant to § 19.2-152.10, there shall be an appeal of right, if taken within ten days after such order or judgment, to a court of record.

We have "interpret[ed] the monetary controversy provision of Code § 16.1-106 as language intended to exclude a right of appeal in those civil cases involving an insignificant monetary controversy." Siebert, 253 Va. at 253, 483 S.E.2d at 216. However, the jurisdictional exclusion of cases involving a monetary amount of less than $50 is not language which forecloses the right of appeal for cases that are non-monetary in nature. In that regard, Siebert is instructive in the application of Code § 16.1-106 (and derivatively Code § 17.1-513) to the case at bar.

In Siebert, the City of Virginia Beach appealed a general district court judgment dismissing a charge of refusal to take a blood or alcohol test by Siebert to the circuit court. 253 Va. at 251, 483 S.E.2d at 215. The circuit court dismissed the City's appeal by concluding Code § 16.1-106 excluded a civil refusal case from its jurisdiction because such a case was not a monetary controversy for more than $50 or otherwise enumerated.

8

Id. at 251-52, 483 S.E.2d at 215.  We reversed the circuit court and held Code § 16.1-106 did not exclude the right of appeal in civil cases from the general district court to the circuit court, in part, because we read the monetary limitation to apply only to cases involving money, not a categorical exclusion of all non-monetary civil cases.  Id. at 253-54, 483 S.E.2d at 216.

Thus, we know from Siebert that the circuit court's restriction of Code § 16.1-106 in this case to only monetary cases was erroneous.  There is no restriction to an appeal of a petition for a writ of error coram vobis from the general district court to the circuit court because it is a non-monetary civil proceeding.  Accordingly, the appeal of the denial of a writ of coram vobis is within the jurisdiction of a circuit court under Code § 17.1-513.

The circuit court thus erred in determining it lacked jurisdiction to hear the appeal from the judgment of the general district court.  However, notwithstanding the circuit court's holding, its judgment enunciated an alternative holding on the merits of Neighbors' claim, which we now review because that holding is dispositive of this case.

C.  Application of a Writ of Coram Vobis

Assuming the circuit court had jurisdiction to hear his appeal, Neighbors contends the circuit court also erred in ruling his guilty plea could not be challenged by a writ of

9

coram vobis based on his claim of lack of capacity. The Commonwealth responds that the circuit court was correct in this regard because Neighbors had other remedies including a timely appeal under Code § 16.1-132 or a petition for a writ of habeas corpus. The Commonwealth also responds that our jurisprudence in Dobie and Blowe recognizes Code § 8.01-677 has significantly restricted the use of a writ of coram vobis.

Code § 8.01-677 makes clear that the limited purpose of a writ of coram vobis is to correct only "clerical error" or certain "error in fact." As we noted earlier, this Court explained in Blowe that the writ of coram vobis should not be used "for any purpose other than to correct a 'clerical error or error in fact.'" 208 Va. at 74, 155 S.E.2d at 356. This limited application has not been extended to serve as a writ of error to bring the original judgment under review, Dobie, 198 Va. at 771, 96 S.E.2d at 753, or to permit a change of a defendant's plea after trial. Blowe, 208 Va. at 76, 155 S.E.2d at 357-58. The purpose of the writ does not involve correcting errors of fact "where the facts complained of were known before or at the trial, or where at the trial the accused or his attorney knew of the existence of such facts but failed to present them." Dobie, 198 Va. at 769, 96 S.E.2d at 752.

Neighbors' general allegation that he suffered from some undefined lack of capacity due to medication at the time of his

guilty plea is not a clerical error.  Neither is it a claim of an error in fact.  Accordingly, under the record in this case, a writ of coram vobis would not lie as a means by which Neighbors could collaterally challenge his guilty plea.  The circuit court did not err in that portion of its judgment which determined the writ of coram vobis was thus not available to Neighbors.

### III. CONCLUSION

For the foregoing reasons, we will reverse that part of the circuit court's judgment holding Neighbors did not have a right of appeal to the circuit court.  We will affirm the judgment of the circuit court that a writ of coram vobis would not lie in this case to enable Neighbors to challenge his guilty plea, and therefore we will enter final judgment in favor of the Commonwealth.

Affirmed in part,
reversed in part,
and final judgment.