No. 14-0603 –*State of West Virginia v. Orville M. Hutton*

**FILED**

June 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BENJAMIN, Justice, dissenting:

I dissent to the majority opinion because I do not believe that the English common law writ of coram nobis continues in force in West Virginia. Also, even if the common law writ of coram nobis is available in this State, I do not believe that it provides relief to the petitioner.

**1. The English common law writ of coram nobis does not continue in force in West Virginia.** This issue is governed W. Va. Code § 2-1-1 (1923), which provides:

> The common law of England, so far as it is not repugnant to the principles of the constitution of this state, shall continue in force within the same, except in those respects wherein it was altered by the General Assembly of Virginia before the twentieth day of June, eighteen hundred and sixty-three, or has been, or shall be, altered by the Legislature of this state.

Under our law, "[w]here the meaning of a statute is clear and its provisions are unambiguous, this Court will not undertake to construe and interpret it, but will apply the statute as its exact terms require." Syl. pt. 2, *Pocahontas Co. v. Dep't of Mines*, 137 W. Va. 864, 74 S.E.2d 590 (1953). The provisions of W. Va. Code § 2-1-1 are plain and should be applied as written.

1

According to W. Va. Code § 2-1-1, the common law of England, so far as it is not repugnant to our State Constitution, shall continue in force in this State "except in those respects wherein [the English common law] was altered by the General Assembly of Virginia before [June 20, 1863]." The writ of coram nobis was part of the common law of England in 1863. However, the common law writ was altered by the General Assembly of Virginia by statute in 1849 with the enactment of Va.Code, c. 181. Regarding this statute, the Supreme Court of Virginia explained that "[a]s a common law writ, coram vobis has been substantially limited by the General Assembly through Code § 8.01-677" (a successor to the 1849 statute)."[1] *Neighbors v. Commonwealth*, 650 S.E.2d 514, 517 (Va. 2007). That court also has indicated that "[i]n Virginia, we have by statute provided for a proceeding by motion to correct any clerical error or error in fact for which a judgment or decree may be reversed or corrected, as a substitute for the common law writ of error coram vobis, sometimes called coram nobis." *Blowe v. Peyton*, 155 S.E.2d 351, 356 (Va. 1967) (citation and internal quotation marks omitted). It is clear to me then that the General Assembly of Virginia altered the common law writ of coram nobis before June 20, 1863, by substantially limiting the writ and substituting a motion in place of the writ. Therefore, according to the plain terms of W. Va. Code § 2-1-1, the common law writ of coram nobis did not continue in force in this State. Instead, this State adopted the Virginia statute that substituted a motion for the writ of coram nobis. *See* syl. pt. 3, in

---

[1] The current version of Virginia's statute provides that "[f]or any clerical error or error of fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice to the court." The terms "coram vobis" and "coram nobis" are used interchangeably.

part, *Curtis v. Railway Co.*, 68 W. Va. 762, 70 S.E. 776 (1911) (holding that specific judgment was "reviewable, formerly by a writ of error *coram nobis*, now by motion, and by appeal to this Court).

The majority opinion attempts to get around the fact that the Virginia statute altered the common law writ of coram nobis by asserting that the Virginia statute was a codification of Virginia's existing practice of permitting relief either by a writ of coram nobis or by motion. While this may very well be the case, it is not relevant to a determination of whether the common law writ of coram nobis continued in force within this State after June 20, 1863, pursuant to W. Va. Code § 2-1-1. This code section clearly provides that the common law of England, not Virginia, shall continue in this State except in those respects wherein it was altered by the General Assembly of Virginia prior to June 20, 1863. I do not believe that it can be disputed that the English common law writ of coram nobis was altered by the enactment of the Virginia statute in 1849. At the very least, the writ was altered by the fact that it became simply one option by which a defendant could seek relief from a fact-based error. Another option was that the defendant could seek such relief by motion. Also, despite the majority opinion's finding to the contrary, I believe that the Virginia statute altered the English common law writ by substantially limiting it as stated by the Virginia Supreme Court in *Neighbors, supra.* Therefore, I conclude that, pursuant to W. Va. Code § 2-1-1, this State did not adopt the English common law writ of coram nobis. Instead, we adopted the Virginia statute that

3

altered the common law writ. Consequently, when our Legislature repealed W, Va. Code § 58-2-3, no common law writ of coram nobis remained.

**2. The majority should not have created a novel writ of coram nobis that is foreign to our jurisprudence.** Even if I accepted the majority opinion's finding that a common law writ of coram nobis exists in this State, I would base the writ on the one recognized by former W. Va. Code § 58-2-3. The writ of coram nobis formerly set forth in W. Va. Code § 58-2-3 was based on the English common law and Virginia statutory law. This State adopted the Virginia statute, and this statute existed in this State from 1868 until 1998, and was firmly established in this Court's jurisprudence. I do not believe that this Court should ever consider altering such firmly established law except after careful deliberation and an actual need has been demonstrated for the alteration. Neither of these is shown in the majority opinion. Instead, the majority summarily concludes that it believes that the four-part test set forth in a fourth circuit case is a good test to adopt and, just that simply, the majority abolishes hundreds of years of established law regarding the writ of coram nobis. I disagree with this ill-considered and wholly unnecessary adoption of novel law.

**3. The common law writ of coram nobis does not provide relief to the petitioner.** Significantly, the Virginia writ of coram nobis, upon which this State's writ was based, does not provide relief for claims of ineffective assistance of counsel. A case similar to the instant one was recently decided by the Supreme Court of Virginia in

4

*Commonwealth v. Morris*, 705 S.E.2d 503 (Va. 2011). In *Morris*, two defendants pled guilty to crimes on the basis of improper advice of their lawyers and, as a result, faced deportation proceedings. Consequently, the defendants filed motions pursuant to Virginia's coram nobis statute in which they requested modification of their sentences. The circuit court granted the defendants' motions, and the Commonwealth appealed. The Virginia Supreme Court reversed the circuit court's ruling. In doing so, the Court reasoned as follows:

> In *Dobie v. Commonwealth*, 198 Va. 762, 769, 96 S.E.2d 747, 752 (1957), we explained the origin and function of the ancient common law writ of coram vobis:
>
>> The principal function of the writ is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal or other existing statutory proceeding. It lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, *and which if known by the court would have prevented rendition of the judgment.* It does not lie for newly-discovered evidence or newly-arising facts, or facts adjudicated on the trial. It is not available where advantage could have been taken of the alleged error at the trial, as where the facts complained of were known before or at the trial, or where at the trial the accused or his attorney knew of the existence of such facts but failed to present them.
>
> (Citations omitted; emphasis added). However, "[a]s a common law writ, coram vobis has been substantially limited by the General Assembly through Code § 8.01-677."

5

> *Neighbors v. Commonwealth* 274 Va. 503, 508, 650 S.E.2d
> 514, 517 (2007).

*Morris*, 705 S.E.2d at 506. The court in *Morris* framed its inquiry as whether at the moment the two defendants entered their guilty pleas, an error of fact existed that would have prevented the circuit court from having authority to enter the judgment.

One of the *Morris* defendant's asserted errors of fact was her counsel's failure to inform the trial court that the defendant was not born in the United States. The other defendant claimed that his lawyer's ineffective assistance of counsel resulting in dire immigration consequences should be deemed an error in fact that would have prevented the trial court from rendering judgment in his case. The Virginia court found that these alleged errors did not constitute errors of fact for the purpose of coram vobis because

> the proper test is whether the alleged error constitutes "an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court *would have prevented* rendition of the judgment." *Dobie*, 198 Va. 769, 96 S.E.2d at 752 (emphasis added). While ineffective assistance of counsel *may* render a judgment voidable upon the necessary showing, it does not render the trial court *incapable* of rendering judgment, as do the errors of fact in cases "'where judgment is rendered against a party after his death, or who is an infant.'" *Dobie*, 198 Va. at 770, 96 S.E.2d at 753 (quoting *Richardson*, 53 Va. (12 Gratt.) at 55).

*Morris*, 705 S.E.2d at 507–08. The Court noted that both defendants relied on the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010), in which the Supreme Court held that the Constitution's Sixth Amendment requires counsel who

represent non-citizen criminal defendants to inform their clients whether his or her plea carries a risk of deportation. The Virginia Court found, however, that the defendants' reliance on *Padilla* was misplaced, explaining that while the defendants "may have suffered ineffective assistance of counsel according to *Padilla*, and may have been successful had they timely filed petitions for writs of habeas corpus . . . neither did so. Ineffective assistance of counsel does not constitute an error of fact for the purposes of coram vobis under Code § 8.01-677." *Morris*, 705 S.E.2d at 508. The Virginia Court's reasoning in *Morris* applies with equal force to the instant facts. Therefore, any writ of coram nobis recognized by this Court should not apply to claims of ineffective assistance of counsel so as to provide the petitioner the relief which he seeks.

**3. A writ of coram nobis does not provide relief to the petitioner under the specific facts of this case.** This Court has held that

> [i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. pt. 5, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). Specifically, the petitioner has failed to show that his trial counsel's performance was deficient under the first prong of *Strickland*.

The petitioner relies on *Padilla*, *supra*, to show that his counsel's failure to inform him of the potential deportation consequences of his plea constituted deficient performance under an objective standard of reasonableness. However, there is a key distinction between the facts in *Padilla* and the facts of the instant case. In *Padilla*, the defendant alleged that "his counsel not only failed to advise him of this [deportation] consequence prior to his entering the plea, but also told him that he did not have to worry about immigration status since he had been in the country so long." *Padilla*, 559 U.S. at 359 (internal quotation marks and citation omitted). Implicit in this allegation is the fact that the defendant's counsel knew the defendant's immigration status. In other words, *Padilla* addressed only the legal advice required of competent counsel once counsel knows that his or her client is not an American citizen. In the instant case, the petitioner testified in the evidentiary hearing before the circuit court that he never informed his trial counsel that he was not a United States citizen, and that he and his counsel had no conversations about his immigration status. As a result, the petitioner's trial counsel had no apparent reason to investigate the petitioner's immigration status, and his failure to do so under these circumstances was not deficient under an objective standard of reasonableness. Therefore, the petitioner has failed to show the first prong in the two-pronged *Strickland* test governing claims of ineffective assistance of counsel.

For the reasons set forth above, I would affirm the circuit court's order that denied coram nobis relief to the petitioner. Therefore, I dissent.

8