COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, McCullough and O'Brien
Argued at Fredericksburg, Virginia


JEFFREY BRIAN LEE

                                                         MEMORANDUM OPINION* BY
v.        Record No. 1168-13-4                        JUDGE RANDOLPH A. BEALES
                                                            AUGUST 18, 2015
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                        Burke F. McCahill, Judge

         Thomas K. Plofchan, Jr. (Lavanya K. Carrithers; Westlake Legal
         Group, on briefs), for appellant.

         Susan Baumgartner, Assistant Attorney General (Mark R. Herring,
         Attorney General, on brief), for appellee.


        Jeffrey Brian Lee (appellant) appeals the trial court's alleged failure to rule on appellant's

motion to withdraw his fourteen Alford[1] pleas to possession of child pornography under Code

§ 18.2-374.1:1.  Appellant argues that the trial court erred when it did not "consider and act on" his

motion to withdraw his guilty pleas "when he simultaneously filed" a motion to extend the stay of

the final order and requested oral argument on his motion to withdraw his guilty pleas.[2]  However,

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] North Carolina v. Alford, 400 U.S. 25 (1970).  "An 'Alford plea' is where a defendant
asserts his innocence but admits that sufficient evidence exists which could likely convince a
judge or jury to find the defendant guilty."  Neighbors v. Commonwealth, 274 Va. 503, 506, 650
S.E.2d 514, 516 (2007) (citing Alford, 400 U.S. at 37-38).

[2] Appellant noted three assignments of error in his petition for appeal.  This Court granted
only the petition's first assignment of error, which states, "The trial court erred in failing to
*consider and act on* Mr. Lee's Motion to Withdraw Plea when he simultaneously filed a motion
to stay the sentencing order and requested oral argument."  (Emphasis added).  In his opening
brief, however, appellant's assignment of error was changed to state, "The trial court erred *by*
failing to *docket*, consider, *or* act on *Appellant's* ("Mr. Lee's") Motion to Withdraw Plea when

because the trial court never had an adequate opportunity to rule on appellant's motion to withdraw his guilty pleas, because appellant never objected to the lack of a ruling from the trial court, and because appellant divested the trial court of jurisdiction before it could rule on appellant's motion, we affirm appellant's convictions for possession of child pornography under Code § 18.2-374.1:1.

## I. BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

We consider the evidence on appeal "'in the light most favorable to the Commonwealth, as we must since it was the prevailing party'" in the trial court. Beasley v. Commonwealth, 60 Va. App. 381, 391, 728 S.E.2d 499, 502 (2012) (quoting Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004)).

---

he simultaneously filed a motion to stay the sentencing order and requested oral argument." (Emphasis added).

The Supreme Court in a footnote in Northam v. Va. State Bar, 285 Va. 429, 434 n.*, 737 S.E.2d 905, 907 n.* (2013) (quoting Dowdy v. Commonwealth, 278 Va. 577, 590 n.14, 686 S.E.2d 710, 717 n.14 (2009)), explained that "'[w]hile it is improper for an appellant to alter the wording of a [granted] assignment of error . . . non-substantive changes to an assignment of error . . . do not default the issue raised.'" The appellant in Northam had made non-substantive changes to his assignments of error, "substituting 'Appellant's' for 'Respondent's' and 'Appellant' for 'Respondent' in a few locations." Id. Here, however, appellant added an entirely new argument to his assignment of error that was granted by this Court when, in his opening brief, he, for the first time, charged the trial court with also failing to "docket" his motion. Such an addition certainly constitutes a substantive change to appellant's granted assignment of error, unlike adding the word "Appellant's" and changing the word "in" to "by." Therefore, we cannot consider this argument that the trial court failed to "docket" appellant's motion, given that argument constitutes a substantive change to the granted assignment of error and appellant never even sought leave from this Court to amend his granted assignment of error. See Rule 5A:12(c)(1)(i). Clearly, if appellants could amend assignments of error granted by this Court to restate them however they later wish to do so, it would potentially present the Court with the untenable situation of an endless series of ever-changing issues to be addressed on appeal.

In this case, appellant was charged with thirty-two counts of possession of child pornography in violation of Code § 18.2-374.1:1. Appellant entered <u>Alford</u> pleas to fourteen charges of possession of child pornography, and, as part of a plea agreement, the Commonwealth moved to *nolle prosequi* the remaining charges. During the plea colloquy, appellant affirmed, under oath, that he was college-educated; that he could read and write and understand English; that he understood the charges against him; that he had had an opportunity to thoroughly discuss the charges with his attorney; that he discussed any possible defenses with his attorney; that he felt he had had enough time to speak with his lawyer; that he was satisfied with the services of his lawyer; that he discussed with his lawyer the option of going to trial versus entering a guilty plea; that it was his own decision to plead guilty; that he discussed the concept of an "<u>Alford</u> plea" with his lawyer and understood what it meant to enter an <u>Alford</u> plea; that he had considered the evidence the Commonwealth had against him; that, by essentially pleading guilty, he waived various rights; that nobody had pressured him to enter an <u>Alford</u> plea; that he was pleading guilty freely and voluntarily; and that he understood the potential sentence he faced as well as the collateral consequences of being a convicted felon. Appellant also indicated that he had had the opportunity to thoroughly review the Commonwealth's proffer of facts[3] with his lawyer. Appellant had signed the proffer, and testified that nobody put any pressure on him to sign it. Appellant understood that, in his particular case, there was no agreed-upon sentence and that "unhappiness with the sentence won't be a basis to take back" the <u>Alford</u> pleas of guilty.

On April 12, 2013, approximately four months after appellant entered his <u>Alford</u> pleas, appellant's sentencing hearing took place. The trial court sentenced appellant to three years of

---

[3] The proffer puts forth the substantive facts supporting appellant's possession of child pornography convictions. Based on the proffer, the trial court accepted appellant's guilty pleas on the ground that "there is substantial evidence upon which the defendant has based his <u>Alford</u> plea of guilt."

incarceration on each of the fourteen counts. It suspended all of the sentences with the exception of one count, leaving appellant with three years of active incarceration.

Shortly after being sentenced, appellant obtained new counsel. On May 1, 2013, appellant's new counsel filed a praecipe and an emergency motion to stay the final order for a period of forty-five days pending post-trial relief. The following day, on May 2, 2013, the trial court granted appellant's emergency motion to stay the final order until June 17, 2013. On May 17, 2013, appellant filed a praecipe, and an accompanying motion for sealed court documents. On May 23, 2013, appellant filed another motion to release sealed court documents. The trial court entered an order on June 6, 2013, allowing appellant to access the documents but denying him permission to make copies of the images of the child pornography.

On June 17, 2013 – the day on which the stay of appellant's sentencing order was to be lifted – appellant filed a praecipe and an accompanying "Motion to Extend Stay Pending Review of Motion to Withdraw Plea" ("extension praecipe" and "extension motion," respectively). The extension praecipe read as follows: "THE CLERK will please file the attached Motion to Extend Stay Pending Review of Motion to Withdraw Plea and Proposed Order and present to Judge McCahill for consideration and entry." In his extension motion, appellant stated that "Defendant further requests argument on the issue," and requested that the trial court stay the matter "for a period sufficient for the Court to review Defendant's Motion to Withdraw Plea and Memorandum in Support." That same day, on June 17, 2013, appellant also filed a praecipe and an accompanying "Motion to Withdraw Plea and Memorandum in Support" ("withdrawal praecipe," and "withdrawal motion," respectively). The withdrawal praecipe read as follows: "THE CLERK will please file the attached Motion to Withdraw Plea and Memorandum in Support and present to Judge McCahill for consideration."

On June 21, 2013 – just four days after filing the extension and withdrawal praecipes and motions – appellant filed his notice of appeal to this Court. That same day, on June 21, 2013, appellant also filed a praecipe and accompanying motion to suspend the execution of his sentence and his transfer to the state correctional facility ("transfer praecipe," and "transfer motion," respectively). The transfer praecipe read as follows: "THE CLERK WILL please file the attached Motion to Suspend Transfer to Correctional Facility Pending Filing of Appeal and place it on the Court's June 28, 2013 9:00 A.M. docket." As requested, the trial court heard appellant's transfer motion on June 28, 2013. During the hearing on that motion – which the trial court ultimately denied – the trial judge asked appellant's counsel if his motion to withdraw appellant's Alford pleas had been denied, and appellant's counsel replied, "That was – actually, the Judge did not rule on that but I would assume that it was denied. And we have noted our appeal."

This Court awarded appellant an appeal on the single issue that is presently before this Court – i.e., "[w]hether the trial court erred in failing to consider and act on [appellant]'s Motion to Withdraw Plea when he simultaneously filed a motion to stay the sentencing order and requested oral argument." The parties were further instructed to brief the following issues: "(1) whether the motion to vacate the plea and the accompanying praecipe satisfy the requirements of Brandon v. Cox, 284 Va. 251, 736 S.E.2d 695 (2012) and (2) whether under Rule 5A:18, a litigant must specifically object in the trial court to the trial court's failure to rule in order to preserve a failure to rule for appellate review."

In his opening brief, appellant appended an affidavit that reads as follows:

> I, the undersigned, do solemnly swear that:
>
> 1. I am an attorney at Westlake Legal Group.
>
> 2. On June 17, 2013, I personally appeared at the Loudoun County Circuit Court Judge's Chambers and hand-delivered a copy of the Motion to Extend Stay Pending Review of Motion to Withdraw Plea and the Motion to Withdraw Plea, and the

accompanying corresponding praecipes that were filed with the Clerk of Court in Case Numbers 23834 and 24166 to the clerk for Judge McCahill.

    3. I also called Judge's Chambers several times prior to June 21, 2013 to inquire whether the trial court had ruled upon the two above referenced Motions.

On March 16, 2015, the Commonwealth filed a "Motion to Strike Affidavit" on the ground that the affidavit was not part of the record.

## II. ANALYSIS

Rule 5A:18 provides, in relevant part, as follows: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." This rule "serves an important function during the conduct of a trial, [as] [i]t places the parties on notice that they must give the trial court the first opportunity to rule on disputed evidentiary and procedural questions." Gardner v. Commonwealth, 3 Va. App. 418, 423, 350 S.E.2d 229, 232 (1986). Moreover, "[t]he purpose of [Rule 5A:18] is to allow correction of an error if possible during the trial, thereby avoiding the necessity of mistrials and reversals." Id. If a party fails to obtain a ruling from the trial court, then that party is "denied nothing by the trial court, [as] there is no ruling for us to review." Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993) (citations omitted).

For several reasons, discussed *infra*, appellant cannot successfully allege error now on appeal, given that he did not get a ruling from the trial court on his motion to withdraw his Alford guilty pleas.

## A. The Trial Court Never Had an Opportunity to Rule

Because the trial court never had a genuine opportunity to make a ruling on appellant's withdrawal motion in this case, it, of course, did not make such a ruling. In Brandon v. Cox, 284

- 6 -

Va. 251, 736 S.E.2d 695 (2012), the Supreme Court addressed the question whether filing a motion

in a circuit court clerk's office could properly preserve a litigant's argument for appeal "when the

record fails to reflect that the trial court had the opportunity to rule upon that motion." Id. at 255-56,

736 S.E.2d at 697. Finding that Brandon's mere filing of her motion to reconsider with the circuit

court clerk's office –when nothing else in the record indicated that Brandon had affirmatively

sought a ruling from the circuit court – did not sufficiently preserve her argument for appeal, the

Supreme Court ruled as follows:

> Nothing in the record indicates that the trial court was made aware
> that the motion for reconsideration and memorandum in support
> thereof were filed, and thus the statutory requirement of Code
> § 8.01-384(A) that the aggrieved party "make[] known to the court
> the action which he desires the court to take or his objections to the
> action of the court and his grounds therefor" was not met in this case.
> Because *there is no evidence in the record that the trial court had the
> opportunity to rule upon the argument that Brandon presents on
> appeal*, it cannot be said that the case can be heard in this court upon
> the same record upon which it was heard in the trial court and,
> therefore, the purpose of Rule 5:25 [the Supreme Court's rule that is
> equivalent to Rule 5A:18] is defeated. Thus, we must hold that she
> has waived her argument by failing to preserve it.

Id. at 256, 736 S.E.2d at 697 (emphasis added).

In this case, there is no evidence in the record to indicate that the trial court had a genuine

opportunity to rule upon appellant's withdrawal motion. First, appellant never sought to have his

withdrawal motion placed onto the trial court's docket pursuant to a Loudoun County Circuit Court

local rule.[4] When the withdrawal motion was never placed on the trial court's docket, the trial court

did not rule on it. Simply filing the withdrawal motion with the Loudoun County Circuit Court

---

[4] Appellant is, however, apparently cognizant of the importance of counsel making a
request that a motion be docketed. In fact, on his transfer praecipe, which he filed with the
Loudoun County Circuit Court Clerk's Office on June 21, 2013, appellant actually asked that
that motion be placed on the docket for a certain date at a certain time, and the trial court then
ruled on it on June 28, 2013 – which was well before the July 8, 2013 date on which the trial
court would have lost jurisdiction over the case if appellant had not earlier divested the trial court
of jurisdiction by filing a notice of appeal on June 21, 2013, as discussed *infra*.

Clerk's Office was not sufficient to provide the trial court with a genuine opportunity to make a ruling on it. Id. In his extension motion, appellant did state that he "further requests argument on the issue," but such a request was simply embedded in a document that appellant also only filed with the clerk's office, which, under the Supreme Court's holding in Brandon, does not actually provide the trial court with enough of a true opportunity to rule on it. See id.

Second, the affidavit that appellant has appended to his brief is not properly part of the record on appeal and, therefore, this Court cannot consider it. It is well settled that "'[a]fter the record has been transmitted to this Court pursuant to [the Rules of Court] and an appeal has been granted, the record on appeal cannot be enlarged except by our award of a writ of certiorari under Code § 8.01-673.'" Watkins v. Commonwealth, 26 Va. App. 335, 341, 494 S.E.2d 859, 862 (1998) (quoting Godfrey v. Commonwealth, 227 Va. 460, 465, 317 S.E.2d 781, 784 (1984)). Since the affidavit was not included in the record that was transmitted from the circuit court to this Court, appellant would have needed to seek leave from this Court before enlarging the record with the affidavit. Because appellant did not do so, and because it was not in the trial court record submitted to this Court, we grant the Commonwealth's motion to strike the affidavit. Consequently, because this Court cannot consider the affidavit, no action described in it can support appellant's argument that the trial court had the opportunity to rule on the withdrawal motion. Given that nothing *in the record* indicates that the trial court ever had a genuine opportunity to rule on appellant's withdrawal motion, there is no ruling by the trial court on that motion and, therefore, no action on the part of the trial court for this Court to review.

Third, by filing his notice of appeal to this Court on June 21, 2013, appellant essentially deprived the trial court of any remaining opportunity to make a ruling on his withdrawal motion.

- 8 -

Although appellant's sentencing order actually became a final order on June 17, 2013,[5] his sentencing order remained under the control of the trial court for twenty-one days after June 17, 2013 – i.e., until July 8, 2013. See Rule 1:1 (stating, in relevant part, that "[a]ll final . . . orders . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry"). Thus, appellant had until July 8, 2013 to seek to obtain a ruling from the trial court. By filing a notice of appeal to this Court on June 21, 2013, however, appellant's counsel divested the trial court of jurisdiction over the case. See Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982) (explaining that "[t]he orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease," and, furthermore, that the appellate court "acquire[s] jurisdiction over [the] matter when [the petitioner]'s petition for appeal [is] filed and docketed in the Clerk's Office of this Court [the appellate court]").

By divesting the trial court of jurisdiction over the case on June 21, 2013 – well before the trial court would have automatically lost jurisdiction on July 8, 2013 – appellant's counsel took away the trial court's remaining window of opportunity during which it could have made a ruling on appellant's withdrawal motion. There is also no indication in the record that appellant's counsel even made much effort during the brief window of time between June 17, 2013 and June 21, 2013 to obtain a ruling from the trial court. Rather, at the June 28, 2013 hearing on his separate and unrelated motion to suspend transfer to a state correctional facility, appellant's counsel responded to the trial court's question about whether his withdrawal motion had been denied by stating, "the Judge did not rule on that but I would assume that it was denied. And we have noted our appeal."

---

[5] As discussed, *supra*, appellant's counsel had filed a praecipe and an emergency motion to stay the final order for a period of forty-five days – or, until June 17, 2013.

By essentially divesting the trial court of jurisdiction over the case well before the trial court's jurisdiction would have ended under Rule 1:1 – and thereby depriving the trial court of any opportunity to rule on the withdrawal motion – appellant has attempted to take advantage on appeal of his failure to allow the trial judge until July 8, 2013 to issue a ruling on the withdrawal motion.

B. <u>Appellant Never Objected to the Trial Court's Alleged Failure to Rule and No Exceptions to Rule 5A:18 Apply in this Case</u>

Even if the trial court *had* received an opportunity to rule – yet did not rule – any argument that the trial court failed to rule would, under these facts, be waived since appellant never made any objection to the trial court's alleged failure to rule.

Appellant contends that the contemporaneous objection exception in Code § 8.01-384 applies in this case on the ground that he did not have an opportunity to make an objection to the trial court's alleged failure to make a ruling on his withdrawal motion. Appellant contends that he had "no opportunity" to object to a ruling, and therefore should not be prejudiced on appeal, since the trial court never ruled on his withdrawal motion. This argument is unpersuasive. Code § 8.01-384(A) – which contains the "contemporaneous objection exception" – provides, in relevant part, that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection shall not thereafter prejudice him . . . on appeal." The plain language of the contemporaneous objection exception in Code § 8.01-384(A) assumes the existence of a ruling. In fact, the contemporaneous objection exception applies only when the party lacks an opportunity "to object to a *ruling or order*." Code § 8.01-384(A) (emphasis added). Moreover, the contemporaneous objection exception applies only if the trial court renders the party unable to make an objection. See Commonwealth v. Amos, 287 Va. 301, 308, 754 S.E.2d 304, 308 (2014) ("When failure to raise a contemporaneous objection or otherwise bring an objection to the court's attention results from a party's actions, the contemporaneous objection exception of Code § 8.01-384(A) does not apply, and the preservation issue will be decided under the provisions of Rule 5A:18.").

Thus, because the trial court never made a ruling on appellant's withdrawal motion, because the lack of a ruling resulted from appellant's failure to ask that his withdrawal motion be docketed, and because appellant essentially divested the trial court of jurisdiction before it could rule, the contemporaneous objection exception does not apply in this case. Instead, Rule 5A:18 governs appellant's failure to object.

Appellant also asks this Court to apply the ends-of-justice exception to Rule 5A:18 to this case, but application of that exception is not warranted on these facts. "Pursuant to Rule 5A:18, this Court will not consider trial court error as a basis for reversal where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). "[T]he 'ends of justice' provision may be used when the record affirmatively shows that a miscarriage of justice has occurred, not when it merely shows that a miscarriage *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original). For the ends-of-justice exception to apply, an appellant would need to show that he or she was convicted of something that is not a crime, or show how the record affirmatively proves that an element of the offense did not actually occur. Redman v. Commonwealth, 25 Va. App. 215, 221-22, 487 S.E.2d 269, 272-73 (1997). This is certainly not a case where appellant was convicted of something that is not a criminal offense or where the record affirmatively shows that an element of the offense of possession of child pornography did not occur. In fact, when appellant entered his Alford guilty pleas, he signed the proffer, which the trial court determined contained "substantial evidence upon which [appellant] has based his Alford plea of guilt."

### III. CONCLUSION

There is nothing in the record in this case to establish that the trial court ever had a genuine opportunity to rule on appellant's withdrawal motion. Because the trial court never had a true opportunity to rule on the motion, it did not rule. Appellant never made an objection to the trial

- 11 -

court's alleged failure to rule – or a specific effort to get that withdrawal motion on the trial court's docket before the trial court lost jurisdiction. The contemporaneous objection exception does not apply in this case because there was no ruling and because appellant failed even to have his motion docketed to try to get a ruling. Appellant also had from June 17, 2013 until July 8, 2013 to get the trial court to rule but apparently did not keep making efforts to get the trial court to rule after June 21, 2013, even though the trial court would have had another seventeen days in which it could rule before it lost jurisdiction. Instead, appellant filed his notice of appeal on June 21, 2013 – and divested the trial court of jurisdiction to rule on his motion to withdraw his Alford guilty pleas before the trial court could actually rule on it. Thus, because there is no ruling, because appellant never objected to the lack of a ruling, and because the contemporaneous objection exception under Code § 8.01-384(A) does not apply in this case, appellant's argument is waived pursuant to Rule 5A:18. His convictions for possession of child pornography in violation of Code § 18.2-374.1:1 are affirmed.

Affirmed.