COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges AtLee, Friedman and Senior Judge Clements

JOHN HENRY CONNER, JR.

MEMORANDUM OPINION[*]

v.      Record No. 1271-22-3                              PER CURIAM
                                                         JULY 25, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
Stacey W. Moreau, Judge

(John Henry Conner, Jr., on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General,[1] on brief), for appellee.


John Henry Conner, Jr., challenges the circuit court's judgment denying his petition for a

writ of error coram vobis and/or *audita querela* under Code § 8.01-677. After examining the briefs

and record in this case, the panel unanimously holds that oral argument is unnecessary because "the

appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm.[2]

BACKGROUND

In January 2009, Conner pleaded guilty under a written plea agreement to larceny, 5 counts

of felony property damage, and 27 counts of misdemeanor property damage. The plea agreement

did not contain an agreed sentence. In exchange for his pleas, upon the Commonwealth's request,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] This Court's records reflect that Leah A. Darron is no longer counsel of record for appellee. Accordingly, we do not consider Conner's motion to "recuse" her from this case.

[2] We grant Conner's motion to amend his "petition for appeal" to include the Court of Appeals case number. He also filed a motion to amend or supplement the appendix. That motion is denied.

the circuit court nolle prossed 30 felony larceny charges, each carrying a maximum potential sentence of 20 years' incarceration.  After a hearing, the circuit court sentenced Conner to a total of 6 years and 6 months' incarceration and ordered him to pay $104,532.83 in restitution.  In May 2016, the circuit court dismissed a rule to show cause issued against Conner for failure to make regular and timely restitution payments because Conner was in "federal custody."

On June 13, 2022, Conner filed a petition for a writ of error coram vobis and/or *audita querela* that asserted five "claims" and asked the circuit court to vacate his convictions.  First, he argued that the "Commonwealth committed fraud on the court" by using his plea agreement as a "device[] to commit embezzlement an[d] fraud."  He contended that the circuit court erroneously ordered him and his co-defendants each to pay the entire restitution amount, demonstrating that the "Commonwealth [was] embezzling" from him.  Second, Conner argued that his trial attorney provided ineffective assistance of counsel because she did not investigate his charges, "operat[ed] under a clear conflict of interest," did not request a private investigator even though she was "a female" and the case concerned "auto parts," and did not pursue an appeal from his convictions.  Third, he argued that the circuit court convicted and sentenced him under a "defective indictment" that was amended "without jurisdiction" in violation of Rule 1:1(a), which resulted in "structural error."  Fourth, he argued that the circuit court erroneously accepted his guilty pleas without informing him that his convictions could result in enhanced criminal penalties in later cases.  Finally, he argued that the circuit court violated his right to the assistance of counsel by initiating revocation proceedings in February 2015 without providing him "notice" while he was in federal custody.

On July 27, 2022, the circuit court denied Conner's petition, finding that there was "no clerical or factual error" that would justify issuing either writ.[3] On appeal, Conner reiterates the arguments he presented in his petition for a writ of coram vobis and/or *audita querela* and argues that the circuit court erred by failing to grant his petition for each of the "claims" he presented. He contends that his claims stated "proof of facts" that justified the writs and the circuit court's order denied the writs without disputing those facts or addressing his claims individually. Moreover, he asserts that a writ of coram vobis is available to address "fundamental errors," such as the deprivation of counsel, and that the circuit court's summary order demonstrates that it did not "review" his petition.[4]

## ANALYSIS

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). Given the "strong policy reasons favoring certainty of results in juridical proceedings," we "attach a high degree of finality to judgments." *Commonwealth v. Morris*, 281 Va. 70, 77 (2011) (quoting *McEwen Lumber Co. v. Lipscomb Brothers Lumber Co.*, 234 Va. 243, 247 (1987)). Nevertheless, "the policy of finality contained

---

[3] Twenty-nine days after the circuit court entered its final order, Conner moved the court to reconsider its judgment. The motion included an additional "claim" that the petition should be granted because the circuit court violated his due process rights by "typing . . . and changing" his handwritten petition for a writ of habeas corpus. The circuit court, having lost jurisdiction under Rule 1:1(a), did not rule on Conner's motion to reconsider.

[4] In his reply brief, Conner introduces two new assignments of error. Assignments of error must be included in an opening brief, not a reply brief. Rule 5A:20(c). Indeed, an appellant may not raise an issue for the first time in a reply brief because the appellee "has no meaningful opportunity to address arguments and authorities raised for the first time in a reply brief." *Jeter v. Commonwealth*, 44 Va. App. 733, 740 (2005). Accordingly, we do not address those assignments of error.

in Rule 1:1 is not absolute." *Id.* Relevant here, Code § 8.01-677 (error coram vobis) provides an "exception[] to Rule 1:1 under proper circumstances." *Id.*

"The writ of error *coram vobis*, or *coram nobis*, is an ancient writ of the common law." *Dobie v. Commonwealth*, 198 Va. 762, 768 (1957). Its

> principal function . . . is to afford to the court in which an action was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial, appeal or other existing statutory proceeding.

*Id.* at 769. "It lies for an error of fact not apparent on the record, not attributable to the applicant's negligence, and which if known by the court would have *prevented rendition* of the judgment." *Id.* (emphasis added). Coram vobis "is in the nature of a civil action, analogous to a motion for a new trial but on a ground not known in the original trial and hence not reviewable by appeal or motion to set aside the verdict." *Id.* Thus, it "does not lie to correct any error in the judgment of the court." *Id.* at 770 (quoting *Richardson's Ex'x v. Jones*, 53 Va. (12 Gratt.) 53, 55-56 (1855)). Nor is it "available where advantage *could have been* taken of the alleged error at the trial, as where the facts complained of were known before or at the trial, or where at the trial the accused or his attorney knew of the existence of such facts." *Id.* at 769 (emphasis added).

Moreover, the common law writ has been "substantially limited by the General Assembly through Code § 8.01-677."[5] *Morris*, 281 Va. at 78 (quoting *Neighbors v. Commonwealth*, 274 Va. 503, 508 (2007)). The Supreme Court has "specifically recognized the restriction of a writ of error coram vobis only to clerical errors and certain errors of fact," such as "'where a judgment is rendered against a party after his death, or who is an infant.'" *Id.* at 78-79 (quoting *Dobie*, 198 Va. at 770). Factual errors that might "render a judgment voidable upon the

---

[5] "For any clerical error or error in fact for which a judgment may be reversed or corrected on writ of error coram vobis, the same may be reversed or corrected on motion, after reasonable notice, by the court." Code § 8.01-677.

- 4 -

necessary showing" do not justify a writ of error coram vobis because they do "not render the trial court *incapable* of rendering judgment." *Id.* at 80 (citing *Dobie*, 198 Va. at 770). Thus, "a claim of ineffective assistance of counsel does not constitute an error of fact for which coram vobis will lie under Code § 8.01-677, because such a claim would not 'have prevented rendition of the judgment.'" *Id.* (quoting *Dobie*, 198 Va. at 769). Similarly, the writ of error coram vobis cannot "supplant the writ of [h]abeas corpus." *Blowe v. Peyton*, 208 Va. 68, 74 (1967).

Conner's petition proffered no clerical error or error of fact in the underlying judgments for which a writ of error coram vobis could issue. Each of the five claims in Conner's petition relied on facts that were either known to Conner when the underlying cases originally were before the circuit court or appear on the record of those cases; therefore, they could have been raised in a motion to set aside the verdict, on direct appeal, or in a habeas corpus petition. *See* Code §§ 8.01-675.3, 17.1-406(A), 8.01-654. Specifically, his claims that the circuit court erroneously ordered him and each of his co-defendants to pay the entire restitution amount, improperly accepted his guilty pleas without informing him of certain collateral consequences, convicted him on a defective indictment, and did not provide proper notice of a revocation proceeding could have been brought to the circuit court's attention before it lost jurisdiction of those cases under Rule 1:1. In addition, his ineffective assistance of counsel claim could be raised in a habeas corpus proceeding and, therefore, cannot justify a writ of error coram vobis. *Morris*, 281 Va. at 80.[6] Moreover, even if believed, Conner's petition alleged nothing more than

---

[6] To the extent Conner's petition can be interpreted to allege a "clerical error" in the indictment, the record on appeal is insufficient to demonstrate whether such a clerical error exists. "On appeal, we presume the judgment of the trial court is correct." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the appellate court] with a record which substantiates the claim of error." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)). Without a sufficient record, we will not consider the asserted error. *Id.* Moreover, Conner attached documents to his petition purporting to demonstrate that the circuit court already corrected any clerical errors under Code § 8.01-428(B).

trial errors; nothing he asserts would have prevented the circuit court from rendering the judgments he seeks to vacate. *Id.* at 80.

To the extent Conner's opening brief can be interpreted to argue that the circuit court should have granted his petition for a writ of *audita querela*, his argument fails because that writ is exclusively available for "civil judgment debtors," and the Supreme Court has declined to permit its use "to seek post-conviction relief from a criminal sentence." *Id*. at 83. Thus, the circuit court properly denied Conner's petition.[7]

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.[8]

*Affirmed.*

---

[7] We do not consider Conner's sixth assignment of error because he did not present that issue to the trial court. Conner did not ask this Court to invoke Rule 5A:18's exceptions in his opening brief, and we will not do so sua sponte. *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022).

[8] On June 13, 2023, Conner filed a "Motion for Judgment in the Proceedings Upon Appellant['s] Pending Motion for Leave Pro Se, Motion for Discovery, Motion to Compel Responds to Interrogatories and Pro Se Motion for the Recusal Disqualification and/or Order of Withdrawal of Leah A[.] Darron Senior Assistant Attorney General." In view of this opinion, we do not find it necessary to address this motion.