## Richmond

GEORGE WILLIAM EAMES v. TOWN OF ROCKY MOUNT.

June 11, 1976.

Record No. 751158.

Present, All the Justices.

*William G. Davis* (*Davis, Davis, Raine & Davis*, on brief), for plaintiff in error.

*William N. Alexander, II* (*Greer & Alexander*, on brief), for defendant in error.

Per Curiam.

This case involves a charge against George William Eames of unreasonable refusal to take a blood or breath alcohol test. The question for decision is whether, at his trial in the circuit court, Eames was entitled to have a jury determine the reasonableness of his refusal.

The record shows that on December 10, 1974, Eames was arrested by a police officer of the Town of Rocky Mount upon a charge of operating a motor vehicle while under the influence of intoxicants. Eames refused to submit to a blood or breath test to determine the alcoholic content of his blood, and he was charged for his refusal.

In general district court, Eames was acquitted of driving under the influence, but he was convicted of unreasonably refusing to take

a blood or breath alcohol test. He appealed his refusal conviction to the circuit court, and there moved for a jury trial. The motion was denied, and Eames was thereafter convicted by the trial court. His operator's license was suspended for a period of 90 days.

Eames was prosecuted and convicted in the trial court under an ordinance of the Town of Rocky Mount which parallels § 18.2-268 of the Code of Virginia (§ 18.1-55.1 at the time of the offense in question). Hereafter, for easy reference, we will cite the pertinent provisions of § 18.2-268 of the State Code.

Code § 18.2-268 sets forth the requirement for chemical tests to determine alcoholic content of blood of persons arrested for driving under the influence. The Code section provides a penalty, license suspension for 90 days, for unreasonable refusal to submit to a blood or breath test.

In *Deaner v. Commonwealth*, 210 Va. 285, 170 S.E.2d 199 (1969), we held that a proceeding leading to conviction of unreasonable refusal is civil and not criminal in nature. We further held that the accused was not entitled to consult with counsel before deciding whether to take a blood alcohol test and that his refusal, based upon absence of such consultation, was unreasonable.

It does not necessarily follow, however, that, merely because a refusal proceeding is civil in nature, an accused is not entitled to a jury trial on the issue of the reasonableness of his refusal. The ultimate question is whether the refusal statute, Code § 18.2-268, entitles an accused to a jury trial.

The Town contends that the statutory provisions do not permit a jury trial. The Town points to paragraph (m) of Code § 18.2-268, which provides that the *court* "shall determine the reasonableness of such refusal," and to paragraph (n), which provides that if the *court* "shall find the defendant guilty," it shall suspend his operator's license for a period of 90 days. These statutory provisions, the Town argues, "specifically require the court to take the action, thereby depriving the defendant of a right to a jury on the question of reasonableness."

We are of opinion, however, that the statutory references to "the court" in paragraphs (m) and (n) are not dispositive of the question whether an accused is entitled to a jury trial on appeal of his refusal conviction. Paragraph (p) prescribes additional rules when a conviction of unreasonable refusal is appealed to the circuit court. This paragraph provides that "[t]he procedure for appeal and trial shall be the same as provided by law for misdemeanors."

Code § 16.1-136, entitled "How appeal tried," provides that an

appeal of a misdemeanor conviction to circuit court shall be heard de novo and that "the accused shall be entitled to trial by a jury." By incorporating this "procedure for appeal" into Code § 18.2-268(p), the General Assembly has declared that a person convicted in a court not of record of unreasonable refusal is entitled, on appeal, to a new trial by jury in circuit court.

For the trial court's error in denying Eames a jury trial, the judgment of conviction will be reversed and the case remanded for a new trial.

*Reversed and remanded.*