COMMONWEALTH OF VIRGINIA

V.

JAMES JOSEPH RAFFERTY

Record No. 900889

March 1, 1991

Present: All the Justices

*H. Elizabeth Shaffer, Assistant Attorney General (Mary Sue Terry, Attorney General,* on brief), for appellant.

*Jerry M. Phillips (Phillips, Beckwith & Hall,* on brief), for appellee.

JUSTICE WHITING delivered the opinion of the Court.

In this case, we must decide whether the Commonwealth can appeal from a finding of not guilty in a prosecution for unreasonably refusing to submit to a blood or breath alcohol test. If the Commonwealth can appeal, then we must decide which appellate court has jurisdiction. Finally, if this Court has jurisdiction, we must decide (1) whether the defendant can be charged by summons rather than by warrant, and (2) whether the magistrate's certificate of refusal must be attached to the summons or warrant.

On April 30, 1988, James Joseph Rafferty was arrested on a charge of drunk driving and offered the choice of a blood or breath test to determine the alcohol content of his blood. Upon his refusals to take either test after the appropriate warnings, a magistrate issued a summons charging Rafferty with the failure to take either test in violation of Fairfax County Code § 82-4-19(p)-(t).[1] The summons advised Rafferty of the nature and character of the charge, and was returnable to the Fairfax County General District Court at a stated time and place.

The general district court found that Rafferty had violated the provisions of Fairfax County Code § 82-4-19(p)-(t). This code section mandates specified periods of driver's license suspension for any person suspected of drunk driving who unreasonably fails to submit to a blood or breath test. Upon Rafferty's appeal, the circuit court dismissed the case, concluding that the magistrate could charge this statutory violation only by use of a warrant.

The Commonwealth appealed to the Court of Appeals. On June 27, 1990, that Court held it did not have subject matter jurisdiction to hear the appeal, and transferred the case to this Court pursuant to the provisions of Code § 8.01-677.1. We awarded this appeal on October 10, 1990.

■ Initially, Rafferty argues that the Commonwealth has no right to appeal this case because it involves a criminal charge. He recognizes that we have held proceedings charging unreasonable refusal to submit to testing to be administrative and civil and not criminal in nature. *Deaner* v. *Commonwealth*, 210 Va. 285, 293, 170 S.E.2d 199, 204 (1969). We have, therefore, permitted municipalities to appeal adverse decisions of such charges under municipal ordinances paralleling the state statute. *City of Norfolk* v. *Brown*, 218 Va. 924, 925, 243 S.E.2d 200, 200 (1978); *City of*

---

[1] Fairfax County Code § 82-4-19(p)-(t) is in essentially the same language as Virginia Code § 18.2-268(P)-(T).

*Virginia Beach* v. *Reneau*, 217 Va. 867, 867 n.1, 234 S.E.2d 241, 241 n.1 (1977). *Brown* and *Reneau* were decided under local ordinances that paralleled the same statute applicable in *Deaner*, which, at all times relevant to those three cases, provided that "[t]he procedure for appeal and trial [of unreasonable refusal cases] shall be the same as provided by law for misdemeanors." Code § 18.1-55.1(p), later Code § 18.2-268(p), now § 18.2-268(V), as amended.

Rafferty contends, however, that the General Assembly modified the *Deaner* rationale, and made an unreasonable refusal a criminal offense. In support, Rafferty cites the addition of the following language to the ancestor of Code § 18.2-268(V): "[I]f requested by either party, trial by jury shall be as provided in [Code § 19.2-260, *et seq.*] and the Commonwealth shall be required to prove its case beyond a reasonable doubt." Acts 1977, c. 659, Code § 18.2-268(V); Fairfax County Code § 82-4-19(v).

■ We assume legislative familiarity with *Deaner* when the General Assembly adopted the 1977 amendment. *See Trout* v. *Commonwealth Transp. Comm'r*, 241 Va. 69, 74-75, 400 S.E.2d 172, 174 (1991); *Wicks* v. *City of Charlottesville*, 215 Va. 274, 276, 208 S.E.2d 752, 755 (1974), *appeal dismissed*, 421 U.S. 901 (1975). If the General Assembly intended to modify *Deaner*, the 1977 amendment simply could have provided that an unreasonable refusal to submit to either test is a misdemeanor and not an administrative and civil proceeding. Additionally, such an amendment would have given the right to a jury trial and required proof beyond a reasonable doubt, without the necessity of mentioning them, because both are inherent in criminal prosecutions. *Bowen* v. *Commonwealth*, 132 Va. 598, 603, 111 S.E. 131, 132 (1922) (right to jury trial in misdemeanor cases); *Jones* v. *Commonwealth*, 210 Va. 299, 302, 170 S.E.2d 779, 782 (1969) (Commonwealth must prove criminal charges beyond reasonable doubt).

■ Furthermore, in construing the ancestor of Code § 18.2-268(V), we held that because the procedure for trial and appeal of unreasonable refusal cases was to be the same as in misdemeanor appeals, this was sufficient to give the defendant a right to a jury trial on appeal to the circuit court. *Eames* v. *Town of Rocky Mount*, 217 Va. 16, 17-18, 225 S.E.2d 197, 198 (1976). Evidently, the General Assembly desired to codify the result of this ruling in its 1977 amendment to Code § 18.2-268(p), now Code § 18.2-268(V), to which the Fairfax ordinance conforms. Such a

codification would have been unnecessary had the 1977 amendment simply stated that an unreasonable refusal charge was a criminal charge.

 Instead, apparently still regarding an unreasonable refusal as a civil or administrative proceeding, the General Assembly made limited changes by codifying two features of the procedure applicable to such charges. Accordingly, we conclude that unlawful refusal charges continue to be administrative and civil in nature and, for that reason, the Commonwealth can appeal this adverse decision.[2]

Next, we consider which appellate court has jurisdiction. The Commonwealth argues that Virginia Code §§ 18.2-268(V) and 17-116.05:1(A), and Fairfax County Code § 82-4-19(v), vest appellate jurisdiction in the Court of Appeals and not this Court.

 We disagree for the following reasons:

(1) Code § 17-116.05:1(A) provides that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from (i) any final *conviction* in a circuit court of a traffic infraction or a crime . . . ." (Emphasis added.) The charge against Rafferty was dismissed; therefore, there was no "*conviction*" in this case; and

(2) Code § 18.2-268(V) and Fairfax County Code § 82-4-19(v) are inapplicable. The substantive right of appeal is one granted by statute. *Payne* v. *Commonwealth*, 233 Va. 460, 473, 357 S.E.2d 500, 508, *cert. denied*, 484 U.S. 933 (1987). "Substantive rights . . . are included within that part of the law dealing with creation of duties, rights, and obligations, as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Shiflet* v. *Eller*, 228 Va. 115, 120, 319 S.E.2d 750, 754 (1984). Although Code § 18.2-268(V) and Fairfax County Code § 82-4-19(v) regulate the *procedure* on appeal, Rafferty's *substantive* right of appeal is regulated by Code

---

[2] This holding disposes of Rafferty's contention that because the Commonwealth appealed this proceeding to the wrong appellate court, the appeal should be dismissed because there is no authority to transfer the case to the Court of Appeals. Rafferty contends that the Commonwealth cannot avail itself of Code § 8.01-677.1, which provides for the transfer to the proper appellate court of a case filed in the wrong appellate court, because that section became effective July 1, 1988, Acts 1988, c. 382, and his alleged crime occurred on April 30, 1988. Thus, application of § 8.01-677.1 to his case would deprive him of his right to be prosecuted under the laws in effect at the time of his arrest. Rafferty correctly concedes that this procedural amendment does apply to his case if it is a civil proceeding. Code § 1-16; *see Bain* v. *Boykin*, 180 Va. 259, 265-66, 23 S.E.2d 127, 130 (1942).

§ 8.01-670, which authorizes an appeal to this Court by "any person . . . aggrieved . . . [b]y a final judgment in any other civil case." Thus, this Court has jurisdiction.

We now turn to the merits of the appeal. Rafferty contends that the repeated references to the word "warrant" in Code § 18.2-268(P)-(T) and Fairfax County Code § 82-4-19(p)-(t) indicate a legislative intent that unreasonable refusal charges can be initiated only by use of a warrant and not by a summons. We do not agree.

■ The General Assembly specifically has provided that magistrates can issue summonses instead of warrants "in any case involving complaints made by any . . . local governmental official or employee having responsibility for the enforcement of any statute . . . ." Code § 19.2-73. However, Rafferty claims that Code § 19.2-73 is inapplicable because he was already in the arresting officer's custody on the drunk driving charge. But a drunk driving misdemeanor charge and an unreasonable refusal civil charge are "two separate and distinct proceedings . . . . Each action proceeds independently of the other . . . ." *Deaner*, 210 Va. at 289, 170 S.E.2d at 201.

■ Nor does it matter that the summons contained language warning that a willful failure to appear in response thereto would subject Rafferty to additional penalties. Even though the *Deaner* defendant was served with a criminal warrant, we noted that he could not be subjected to nonappearance penalties. *Id.* at 290, 170 S.E.2d at 202. Paraphrasing *Deaner*, neither could Rafferty "be fined or imprisoned . . . for his failure to appear at a hearing." *Id.* Accordingly, we hold that the proceeding was properly initiated by a summons.

■ Finally, Rafferty claims that there can be no prosecution in this case because the magistrate's certificate of his refusal was not "*attached* to the warrant," as required by Code § 18.2-268(Q). (Emphasis added.)[3] We disagree. In construing another statute directing the act by the word "shall," as in this case, we said "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." *Nelms* v. *Vaughan*, 84 Va. 696, 699, 5 S.E.

[3] Rafferty also argues that the certificate should not have been admitted in evidence because it was not attached to the warrant or summons. Rafferty did not assign cross-error to its admission in evidence. Therefore, we will not consider this claim. Rule 5:18(b).

704, 706 (1888) (citation omitted). As in *Nelms*, we do not construe use of the word "shall" as a sufficient legislative declaration making attachment of the certificate essential to the validity of this proceeding. Hence, the magistrate's failure to attach the certificate to the summons was not fatal.

Because the trial court erred in sustaining Rafferty's motion to strike, we will reverse its judgment and remand the case for further proceedings.

*Reversed and remanded.*