## CIRCUIT COURT OF WARREN COUNTY

Warren County
Dept. of Social Services

v.

Kathryn M. Sivik

November 3, 1994

Case No. J94-16

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant Sivik's motion to dismiss based upon the Department's failure to comply with statutory time tables in the foster care plan and termination of parental rights proceedings. Douglas W. Napier, Esquire, appeared for the Department of Social Services; John W. Acree, Esquire, appeared for the defendant Sivik; Alfred L. White, Jr., Esquire, the guardian *ad litem*, also appeared. Upon consideration of the argument of counsel the Court finds as follows.

On September 23, 1992, Kathryn Sivik and Kenneth M. Fox, Sr., executed an entrustment agreement granting custody of their three infant children, who are the subject of this termination action, to the Warren County Department of Social Services.

On December 2, 1992, foster care plans were filed and approved by the Juvenile Court without objection by the parents. The objective of these plans was to correct the problems which had led to removal of the children and to return the children to the parents.

By letter dated December 13, 1993, the Department notified the petitioner of its decision to petition this Court for termination of parental rights, because of the parents' failure to comply with the foster care plans.

On April 27, 1994, the Department of Social Services filed its petitions for termination in these cases in the Warren County Juvenile and Domestic

Relations District Court which was sixteen months fifteen days after the initial foster care placement.

On September 12, 1994, a decision was made by the Juvenile Court to terminate the parental rights, which the mother has appealed to this Court, and she has renewed her motion to dismiss.

After the Department has removed children from their parents, Virginia Code § 16.1-281(C) provides that the Department "shall file the [foster care] plan within sixty days . . . unless the court, for good cause shown, allows an extension of time, which shall not exceed an additional sixty days." The foster care plans in this case were filed seventy days after the transfer of custody to the Department. Virginia Code § 16.1-282(B) provides in pertinent part that the Department of Social Services "shall file the petition (for custody or termination) within sixteen months after the initial foster care placement." Virginia Code § 16.2-282(B). "Upon receipt of the petition . . . the Court shall schedule a hearing within 60 days . . . ." Virginia Code § 16.1-282(C). These statutory time tables were violated in this case, and the defendant has filed a motion to dismiss arguing that compliance with these time tables is jurisdictional. However, the mother admitted that no actual prejudice was caused by the minor transgressions of the statutory time requirements in this case.

In *Jamborsky v. Baskins*, 247 Va. 506 (1994), the Supreme Court held that the twenty-one day period prescribed by Virginia Code § 16.1-269(E) for circuit court review of a juvenile court decision to transfer a criminal juvenile case to the circuit court was directory and not mandatory, stating:

> The procedural nature of this requirement is underscored by this Court's repeated holding that the use of *"shall," in a statute requiring action by a public official, is directory and not mandatory* unless the statute manifests a contrary intent. As this Court explained in *Commonwealth v. Rafferty*, 241 Va. 319, 402 S.E.2d 17 (1991), "[a] statute directing the mode of proceeding by public officers is to be deemed directory, and a precise compliance is not to be deemed essential to the validity of the proceedings, unless so declared by statute." *Id.* at 324, 402 S.E.2d at 20 (quoting *Nelms v. Vaughan*, 84 Va. 696, 699, 5 S.E. 704, 706 (1888) (citation omitted)) (emphasis added).

The uses of the word "shall" in the time tables in Virginia Code §§ 16.1-281 and 16.1-282 are directory and not mandatory. While the substantive provisions of these statutes must be strictly complied with, *see Rader v.*

*Montgomery County Dept. of Soc. Servs.*, 5 Va. App. 523, 365 S.E.2d 234 (1988) (termination without filing any petition), failure to comply with the statutory time periods will not result in dismissal of the petition unless the parents can show actual prejudice caused by the delay.

The rights of infants are at stake, so statutory time tables have no application until a guardian *ad litem* was appointed for them, and this did not occur until May 1993, after the petition was filed in the Juvenile and Domestic Relations District Court, so the failure of the Department to file its petition within sixteen months is of no moment insofar as the rights of the children are concerned. The violations in this case are very minor. At any time during the delay hiatus, the parents had the right to file the petition for return of the children, but they did not, so they cannot claim they are prejudiced by the Department's tardy action. Furthermore, the record shows that during the challenged period a foster care program was in place designed to correct the problems which had led to the children's removal and that the Department was working with the parents in an effort to correct these problems.

For the foregoing reasons, it is adjudged and ordered that Sivik's motion to dismiss is denied.