# CIRCUIT COURT OF NORTHAMPTON COUNTY

Commonwealth of Virginia

v.

Randall Keith Franklin

December 7, 2000

Case No. CL00-11

BY JUDGE GLEN A. TYLER

The Court is asked to decide whether the defendant must pay the expenses for the jury in this case.

The defendant was charged under Va. Code Ann. § 18.2-268.2 (1996 Repl. Vol.) with unreasonable refusal to permit his blood or breath to be tested as required of motorists who are charged with driving on public highways while under the influence of alcohol. He was convicted on the charge, and his license was suspended for one year by the District Court. He timely appealed to the Circuit Court by notice of appeal on March 21, 2000.

The case was scheduled in the Circuit Court for a trial to be heard on May 8, 2000, without a jury. However, on motion of the defendant, the case was continued to August 22, 2000, because the defendant requested a jury. But before August 22, 2000, the case was rescheduled for trial on October 30, 2000, again with a jury. On October 30, 2000, the jury, having been duly summoned, was assembled in the Circuit Courtroom as customary, and the case was called for trial. However, before the jury was sworn to try the case, the defendant withdrew his appeal, and the case was disposed of by the Court, resulting in a finding of guilty as charged.

The issue is apparently one of first impression; neither counsel has been able to find a Virginia appellate case on point.

The defendant cites *Commonwealth v. Rafferty*, 241 Va. 319, 402 S.E.2d 17 (1991); however, that decision does not address the issue of responsibility for the expenses of a jury. The Court there did decide that the Commonwealth

can appeal an adverse decision in such a case because it is a civil case. That decision does not answer the question in the case at bar. The issue at bar is one involving procedure, or method of trial, and the expenses of the method selected.

Defendant's position is further that since the case is essentially a civil case and not a criminal case, expenses of a jury cannot be the responsibility of the defendant as they would otherwise be under Va. Code Ann. § 19.2-336 (2000 Repl. Vol.).

Under Va. Code Ann. § 17.1-618 (1999 Repl. Vol.), every person summoned as a juror in a civil or criminal case is entitled to $30.00 per day of attendance.

Pursuant to Va. Code Ann. § 18.2-268.4 (1996 Repl. Vol.), the procedure for the appeal from the District Court and the trial in the Circuit Court is the same as the procedure for misdemeanor appeals and trials. Misdemeanor trials are criminal trials. And one of the procedures, therefore, in misdemeanor trials, and thus in the trial in this case, is that according to Va. Code Ann. § 19.2-336 (2000 Repl. Vol.), in every such case the Clerk of the Circuit Court makes up a statement of all the expenses which are charged to the accused, unless he waives trial by jury at least ten days before trial.

We are not aware of any case challenging the Opinion of Attorney General Baliles to the same effect found in *Opinions of the Attorney General* 100 (1981-1982).

Continuing further as to procedures in this case, since the procedures are the same as for misdemeanors, Article 2 of Chapter 7 of Title 16.1 of the Code applies. The defendant withdrew his appeal; therefore, according to Va. Code Ann. § 16.1-133 (1999 Repl. Vol.), when the appeal is withdrawn on the day of trial in the Circuit Court, more than ten days after conviction in the District Court, the Circuit Court enters an order affirming the judgment of the District Court, "and the Clerk shall tax the costs as provided by statute," including the expenses of bringing to Court a jury for the trial of the defendant's civil case, tried procedurally as a misdemeanor. The costs are accordingly collected by the Circuit Court, where the papers remain. Va. Code Ann. § 16.1-133 (1999 Repl. Vol.) In other words, the Circuit Court is the Court "in which the accused is found guilty." Va. Code Ann. § 19.2-336 (2000 Repl. Vol.).

In conclusion, the Court finds that the defendant is responsible for the expenses of the jury in this case.