COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Chafin and Senior Judge Clements
Argued at Richmond, Virginia

JOHN DIXON O'MALLEY

                                                    OPINION BY
v.        Record No. 1270-15-2          JUDGE JEAN HARRISON CLEMENTS
                                                    MAY 3, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge Designate

Larry A. Pochucha (Bowen, Champlin, Foreman & Rockecharlie,
PLLC, on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


By summons issued pursuant to Code § 3.2-6540, John Dixon O'Malley (appellant) was

ordered to respond to an allegation that he was the owner of a dangerous dog. At a jury trial, the

Commonwealth presented evidence that appellant's dog attacked and injured the dog of Randall

Powell. At the conclusion of the proceeding, the jury found appellant's dog to be a dangerous

dog as set forth in Code § 3.2-6540. On appeal of this finding, appellant contends the trial court

erred: 1) in denying his motion to dismiss the proceeding because § 10-1 of the Code of the City

of Richmond defines a "dangerous dog" to be a dog which has bitten, attacked, or inflicted injury

upon a person or companion animal "other than a dog"; 2) in refusing jury instructions he

proposed; 3) in refusing to declare that the proceeding was civil in nature; 4) in refusing to admit

§ 10-1 of the Richmond Code into evidence; and, 5) in denying the motion to set aside the

verdict based upon insufficient evidence. We conclude that this Court does not have jurisdiction

over this appeal.  Accordingly, we do not reach the merits of this case, and we transfer it to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.[1]

In Settle v. Commonwealth, 55 Va. App. 212, 685 S.E.2d 182 (2009) (Settle I), the defendant appealed to this Court from a lower court's decision regarding forfeiture of the defendant's dogs pursuant to former Code § 3.1-796.115.[2]  At that time, Code § 3.1-796.115(A) and (B) provided procedures for a court hearing following the initial seizure of an animal that was allegedly abandoned, mistreated, or not provided with adequate care.  Regarding that hearing and appeal therefrom, Code § 3.1-796.115(C) provided:  "The procedure for appeal and trial shall be the same as provided by law for misdemeanors.  Trial by jury shall be as provided in Article 4 (§ 19.2-260 et seq.) of Chapter 15 of Title 19.2.  The Commonwealth shall be required to prove its case beyond a reasonable doubt."[3]  Pursuant to Code § 3.1-796.115, a finding by the court that forfeiture of the dog was appropriate did not result in a criminal conviction for the dog's owner, only a civil forfeiture of the animal.  See Settle I, 55 Va. App. at 219, 685 S.E.2d at 185.  This Court noted:

> Code § 3.1-796.115 does not define a crime or prescribe a penalty therefore.  Code § 3.1-796.115 merely sets out the

---

[1] Code § 8.01-677.1 provides, in pertinent part:

> Notwithstanding any other provisions of this Code, no appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed in either the Supreme Court or the Court of Appeals and the appellate court in which it was filed thereafter rules that it should have been filed in the other court.  In such event, the appellate court so ruling shall transfer the appeal to the appellate court having appropriate jurisdiction for further proceedings in accordance with the rules of the latter court.

[2] Title 3.1 of the Code of Virginia was repealed, revised, and reenacted as Title 3.2 effective October 1, 2008.

[3] Concerning the forfeiture of a dog, identical statutory language presently is found in Code § 3.2-6569(E).

administrative process by which an animal warden or officer may seize an animal alleged to have been abused or neglected and provide for its care until the propriety of the seizure is resolved. The statute is civil in nature.

Id. at 221, 685 S.E.2d at 186.

Addressing this Court's jurisdiction to consider the appeal of the forfeiture, we recognized:

It is well established that the "Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) (citation omitted).

"Code § 17.1-406(A) provides that '[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . any final conviction in a circuit court of . . . a crime.' The statutory language is restrictive, limiting the Court of Appeals' appellate jurisdiction to appeals from final criminal convictions and from action on motions filed and disposed of while the trial court retains jurisdiction over the case." Commonwealth v. Southerly, 262 Va. 294, 299, 551 S.E.2d 650, 653 (2001).

Id. at 217-18, 685 S.E.2d at 184-85. We concluded that the underlying action for forfeiture of the dogs and ensuing appeal were civil in nature. Id. at 221, 685 S.E.2d at 186.

Pertaining to the General Assembly's adoption of the language in Code § 3.1-796.115(C) regarding the "procedure for appeal and trial" and the burden of proof at the hearing, we relied upon the Virginia Supreme Court's decision in Commonwealth v. Rafferty, 241 Va. 319, 321-22, 402 S.E.2d 17, 18-19 (1991), which concerned the appropriate appellate jurisdiction in a case involving unreasonable refusal of a blood or breath test. Settle I, 55 Va. App. at 186-87, 685 S.E.2d at 221-22. At the time of the Rafferty decision, the governing unreasonable refusal statute contained language nearly identical to that in Code § 3.1-796.115(C) regarding procedure at trial and on appeal and the applicable burden of proof. The Rafferty Court found the

legislature's inclusion of this language did not modify the Court's prior ruling that the statute provided for a civil proceeding, reasoning,

> If the General Assembly intended to [make refusal a criminal offense], the 1977 amendment simply could have provided that an unreasonable refusal to submit to [a blood or breath] test is a misdemeanor and not an administrative and civil proceeding. Additionally, such an amendment would have given the right to a jury trial and required proof beyond a reasonable doubt, without the necessity of mentioning them, because both are inherent in criminal prosecutions.

Settle I, 55 Va. App. at 221-22, 685 S.E.2d at 186-87 (quoting Rafferty, 241 Va. at 322, 402 S.E.2d at 19). Accordingly, we found that the forfeiture proceeding and appeal were civil in nature and transferred that portion of the appeal to the Supreme Court of Virginia pursuant to Code § 8.01-677.1. See id. at 223, 685 S.E.2d at 187.

The Supreme Court of Virginia apparently disagreed with this Court's decision to transfer the forfeiture appeal. By unpublished order, after "[h]aving reviewed the record, briefs, and relevant statutes in the case," the Supreme Court stated it was "of the opinion that it does not have jurisdiction over the portion of the appeal that was transferred by the Court of Appeals" and transferred the forfeiture matter back to this Court pursuant to Code § 8.01-677.1. Settle v. Commonwealth, No. 100520 (Va. Apr. 7, 2010). Subsequently, in Settle v. Commonwealth, 56 Va. App. 222, 223, 692 S.E.2d 641, 641 (2010) (Settle II), we found the evidence was sufficient to find that forfeiture of the animals pursuant to Code § 3.1-796.115 was proper.[4]

In the present case, appellant was not charged with or convicted of any crime. He was issued a summons pertaining to his dog and given notice of proceedings to determine whether

---

[4] In Settle II, 56 Va. App. at 222 n.1, 692 S.E.2d at 641 n.1, we noted that in Davis v. County of Fairfax, Record No. 1697-08-4 (Mar. 2, 2010), we found this Court "'lack[ed] authority to conduct an independent review of the issue of our jurisdiction over' the case involving a civil forfeiture action under Code § 3.1-796.115, because the Supreme Court of Virginia had transferred the case to this Court noting it 'appear[ed]' it did not have jurisdiction over the case."

the dog was dangerous pursuant to Code § 3.2-6540(A) and (B).  No language in Code

§ 3.2-6540 characterizes as criminal the proceeding to identify a canine as a dangerous dog.  Just

as in former Code § 3.1-796.115(C), Code § 3.2-6540(B) provides:  "The procedure for appeal

and trial shall be the same as provided by law for misdemeanors.  Trial by jury shall be as

provided in Article 4 (§ 19.2-260 et seq.) of Chapter 15 of Title 19.2.  The Commonwealth shall

be required to prove its case beyond a reasonable doubt."  A jury found appellant's dog to be

dangerous.  Upon this finding, the trial court ordered appellant to comply with registration and

maintenance provisions under Code § 3.2-6540 and to make restitution.

Our conclusion in Setttle I that the underlying proceeding and appeal were civil in nature

is equally applicable here, where appellant sustained no criminal conviction and the same

statutory language regarding the procedure governing the proceeding is involved.  Thus, our

holding in Settle I as to the jurisdiction of this Court is binding under rules of *stare decisis*.  See

Commonwealth v. Burns, 240 Va. 171, 173-74, 395 S.E.2d 456, 457 (1990).  We further are

bound by the Supreme Court of Virginia's decision in Rafferty, upon which our Settle I decision

was based.  "[W]e are bound by the decisions of the Supreme Court of Virginia and are without

authority to overrule [them]."  Roane v. Roane, 12 Va. App. 989, 993, 407 S.E.2d 698, 700

(1991).

The Supreme Court of Virginia's unpublished order transferring Settle back to this Court

is not a decision binding upon this Court.  As we explained in Settle I, 55 Va. App. at 223, 685

S.E.2d at 187:

> "[w]hile a decision [of the Virginia Supreme Court] 'on the
> merits,' including a denial of a petition for appeal, may have
> precedential value, discerning the grounds that formed the basis for
> denial is indispensable in assessing its potential applicability in
> future cases."  [Sheets v. Castle, 263 Va. 407, ] 411-12, 559 S.E.2d
> [616,] 619 [(2001)].  "However, unless the grounds upon which the
> refusal is based are discernible from the four corners of the Court's

order, the denial carries no precedential value." Id. at 412, 559 S.E.2d at 619.

We conclude that the grounds upon which the Settle transfer was based are not discernible from the four corners of the order. Therefore, we find our decision here is not controlled by the unpublished order in Settle transferring the matter back to this Court.

We conclude the current appeal is civil in nature and this Court lacks jurisdiction, as defined by the General Assembly, to consider it. Therefore, we transfer the case to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

Transferred.