COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Ortiz and Causey

DAVID LEE BLAIR, III

v.      Record No. 0798-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 14, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Robert G. Munro; Robert G. Munro, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; David M. Uberman, Assistant
Attorney General, on brief), for appellee.


David Lee Blair, appellant, challenges the nine-year sentence the trial court imposed after

revoking the balance of Blair's previously suspended sentence. Blair argues that the trial court

erred because the sentence imposed was significantly higher than the recommended maximum

reflected by the sentencing guidelines. Blair further argues that caselaw permitting trial courts

the discretion to impose a sentence within the statutory range of punishment "should be

overturned, modified or reversed." After examining the briefs and record in this case, the panel

unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial court's

judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Id.*

In 2016, under the terms of an agreed disposition, Blair pleaded guilty to grand larceny. Consistent with the terms of the agreed disposition, the trial court sentenced Blair to ten years of imprisonment, with nine years suspended. The suspended sentence was conditioned on, among other things, Blair's successful completion of supervised probation for three years and his good behavior during the suspension period.

In October 2021, Blair's probation officer reported that Blair's adjustment to supervision had been "poor." Blair had tested positive for methamphetamine on three occasions and then had failed to comply with drug screening, which had been imposed as a sanction for the failed drug tests. In addition, he had failed to report for several appointments with his probation officer. By addendum, the probation officer reported that Blair had been arrested for several new offenses in another jurisdiction, which had been committed while he was on supervised probation. In a second addendum, Blair's probation officer reported that Blair had been convicted in February 2022 for unlawful wounding, two counts of domestic assault and battery, and distribution of marijuana.

At the revocation hearing on March 23, 2022, Blair did not contest that he had violated the terms of his suspended sentence and the trial court found him in violation. Regarding the appropriate disposition, the Commonwealth proffered Blair's lengthy criminal history, which included several drug convictions, a prior assault, and felony child abuse/neglect, in addition to

the new convictions. The Commonwealth argued that the sentencing range recommended by the sentencing guidelines—eight months to two years—was not appropriate considering Blair's long criminal history, the severity of the offenses he had committed, and his inability to comply with the conditions of his probation. The Commonwealth asked the trial court "to deviate above the guidelines" and impose "a significant active" sentence.

Blair asked the trial court to impose a sentence within the recommended guidelines range, noting that the two years at the high end was a significant sentence when coupled with the two-year active sentence Blair had received for his new convictions. Blair argued that because he would return to probation, it would be appropriate for the trial court to maintain a significant suspended sentence to keep "a handle" on him upon his release.

The trial court found that the guidelines "neglect[ed] various factors" that were "important" to the court in determining an appropriate sentence. The trial court noted that the underlying offense was for theft of a firearm. In addition, Blair's record had not improved while he was on probation, and he had returned before the court with a "significant violent felony" conviction. Considering Blair's record, the trial court found that Blair was a danger to the citizens of the Commonwealth. The trial court revoked the balance of the suspended sentence and released Blair from probation. Blair now appeals.

ANALYSIS

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Moreover, because Blair "was convicted of a criminal offense that was committed after the date of suspension," the trial court had the authority to "revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).

Blair argues that the trial court erred in deviating above the discretionary guidelines' recommendation. Our caselaw is well settled, however, that "[t]he sentencing guidelines are advisory only and do not require trial courts to impose specific sentences." *Runyon v. Commonwealth*, 29 Va. App. 573, 577-78 (1999). Rather, the guidelines are a tool for the judge's use in determining an appropriate sentence. *Luttrell v. Commonwealth*, 42 Va. App. 461, 465 (2004). A judge's failure to follow the sentencing guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Code § 19.2-298.01(F). Accordingly, we consider only whether the sentence imposed represents an abuse of the trial court's broad sentencing discretion upon revocation of the suspended sentence. *Clarke v. Commonwealth*, 60 Va. App. 190, 195 (2012).

Upon review, we hold that the trial court did not abuse its discretion. Before revoking Blair's sentence, the trial court expressly found that the guidelines did not consider Blair's "extensive criminal history [and] the violence that surround[ed] it." The court determined that Blair posed a danger to the community because his "criminal acts [were] getting worse." The record fairly supports those findings. "The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). The record demonstrates that Blair had committed a violent offense and engaged in other criminal conduct during the suspension period and within less than a year of when he began supervised probation. By continuing to commit criminal acts, Blair demonstrated that he was not amenable to rehabilitation.

"When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of

confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Blair failed to make productive use of the grace that had been extended to him and continued to engage in criminal conduct during the suspension period. "For probation to have a deterrent effect on recidivism, real consequences must follow a probationer's willful violation of the conditions of probation." *Price*, 51 Va. App. at 449. After reviewing the record in this case, we conclude that the sentence the trial court imposed represents a proper exercise of judicial discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (holding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Blair asserts that the sentence imposed was "excessive" because it was "four times the maximum" recommended by the guidelines. To the extent his argument is intended to challenge the proportionality of the sentence, this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 654 (2011). We noted in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653 (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)). *Cf. Vasquez v. Commonwealth*, 291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes"). Thus, we decline to conduct a proportionality review in this case. *Id.*

Finally, Blair argues that "to the extent that trial courts have discretion to sentence within the range of punishment, this case law should be overturned, modified or reversed." The Virginia Supreme Court (as well as caselaw from this Court) has clearly established that a

sentence within the applicable statutory range is not an abuse of discretion. *See, e.g.*, *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564-65 (2016); *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019); *Jett v. Commonwealth*, 34 Va. App. 252, 256 (2001). This Court is '"bound by decisions of the Supreme Court of Virginia and [is] without authority to overrule' them." *Warren v. Commonwealth*, 69 Va. App. 659, 669 (2019) (quoting *O'Malley v. Commonwealth*, 66 Va. App. 296, 301 (2016)); *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (same). Similarly, "the interpanel accord doctrine" provides that a prior decision of a panel of this Court "'cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court.'" *Butler v. Commonwealth*, 64 Va. App. 7, 12-13 (2014) (quoting *Clinchfiled Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)); *Vay*, 67 Va. App. at 257 (same). Thus, we must reject Blair's request for relief we have no authority to give.

CONCLUSION

We hold that the trial court did not abuse its broad sentencing discretion, and we have no authority to modify or reverse existing precedent. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*