COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges O'Brien, Ortiz and Senior Judge Haley


JONATHAN MICHAEL WYNKOOP, SOMETIMES KNOWN AS
 JOHN MICHAEL WYNKOOP

MEMORANDUM OPINION*
v.      Record No. 0384-22-2                               PER CURIAM
                                                           JULY 25, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MADISON COUNTY
Daniel R. Bouton, Judge Designate

(Ryan J. Rakness; Rakness & Wright PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Stephen J. Sovinsky, Assistant
Attorney General, on brief), for appellee.


Jonathan Michael Wynkoop challenges the sentence the trial court imposed upon the

revocation of his previously suspended sentences.  He contends that the trial court abused its

discretion when it imposed an active sentence that exceeded "the applicable probation violation

sentencing guidelines."  After examining the briefs and record in this case, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  The trial court's judgment is affirmed.

BACKGROUND

In January 2012, Jonathan Michael Wynkoop pleaded guilty to child neglect and eluding a

law enforcement officer.[1]  The court sentenced Wynkoop to five years' incarceration with three

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] In exchange for Wynkoop's guilty pleas, the Commonwealth moved the trial court to
nolle prosequi three additional counts of child neglect.

years and seven months suspended conditioned upon five years' good behavior, two years' supervised probation, substance abuse counseling, and personal and mental health counseling.

On April 14, 2016, Wynkoop's probation officer reported that Wynkoop had failed to report to his probation officer. The trial court issued a show cause rule; however, Wynkoop subsequently failed to appear. The court issued a capias for Wynkoop's arrest based on criminal contempt. In September 2016, the court found that Wynkoop had violated the terms and conditions of his previously suspended sentences; it also convicted him of criminal contempt. The court revoked Wynkoop's previously suspended sentences and resuspended two years and seven months. In addition, the court sentenced Wynkoop to twelve months' incarceration with six months suspended for the contempt conviction.

In October 2019, Wynkoop pleaded guilty to two counts of larceny and breaking and entering. The court sentenced Wynkoop to six years' incarceration for each larceny conviction. The court suspended the entire sentence conditioned upon 20 years' good behavior, 2 years' supervised probation, and successful completion of the Community Corrections Alternative Program ("CCAP"). In addition, the court found the evidence sufficient to convict Wynkoop of breaking and entering; however, it withheld a finding of guilt for two years upon the same conditions it imposed for Wynkoop's larceny convictions. Based on Wynkoop's new convictions, the court revoked and resuspended his previously suspended sentences, conditioned upon five years' good behavior and payment of court costs.

In October 2021, Wynkoop's probation officer reported that Wynkoop had violated the terms and conditions of his previously suspended sentences because he had incurred new charges, changed his address without his probation officer's permission, and failed to pay his court costs. The court issued a capias which was served on Wynkoop on October 13, 2021.

At the revocation hearing, Wynkoop did not contest that he had violated the terms and conditions of his suspended sentences, stating that he was "in agreement on the basic facts." The Commonwealth noted that this was Wynkoop's third probation violation on his 2012 convictions and his first probation violation on his 2019 convictions. Additionally, Wynkoop's conduct violated the provisions of the deferred disposition for the 2019 breaking and entering charge. The Commonwealth asked the court to enter a judgment of guilt. The Commonwealth also submitted a violation addendum to the trial court, reporting that Wynkoop had been convicted of possession of methamphetamine and placed on first offender status. Finally, the Commonwealth submitted an order from Madison County General District Court convicting Wynkoop of assault and battery and imposing a 30-day suspended sentence.

The court found that the evidence before it "clearly" proved that Wynkoop had violated the terms and conditions of his previously suspended sentences.[2] The Commonwealth and Wynkoop waived a presentence report and asked the trial court to proceed to sentencing.

As to an appropriate sentence, the Commonwealth submitted Wynkoop's criminal history and traffic record. In addition, the Commonwealth asked the court to take judicial notice of its records. The Commonwealth proffered that Wynkoop had an 11-month credit on his grand larceny convictions because, although Wynkoop was ordered to complete CCAP, he was unable to do so because of COVID-19 restrictions.

Sue Ann Toulotte, Wynkoop's cousin, testified that Wynkoop was doing "really well" until he was incarcerated. Toulotte stated that Wynkoop and his girlfriend lived with her. Wynkoop helped "around the property," cleaning, trimming trees, and running errands. Toulotte felt that Wynkoop, who has three children, was a good person who had made mistakes. In addition to

---

[2] In addition, having previously found the evidence sufficient to prove Wynkoop guilty of breaking and entering, the court found Wynkoop guilty of that charge.

Toulotte's testimony, Wynkoop proffered that Pastor Josh Shifflett would have testified that he knew Wynkoop "very well in the community" and would echo Toulotte's testimony.

The Commonwealth asked the court to revoke "all the time" on Wynkoop's 2012 suspended sentences because this was his third revocation on those convictions. The Commonwealth noted that Wynkoop had "created a mess" with his violations, repeated conduct, and new offenses. The Commonwealth asked the court to exceed the guidelines recommendation[3] based on Wynkoop's criminal history, including the new convictions, his continued drug use, and his failure to "keep up" with probation—behaviors that were consistent with Wynkoop's prior probation violations. In the Commonwealth's view, Wynkoop was a repeat offender who harmed others. Therefore, the Commonwealth requested a "lengthy" sentence that would protect the community from Wynkoop's "continued criminal violations."

Wynkoop asked the court to impose 18 months' incarceration "on everything" and return him to supervised probation. He noted that he had an 11-month credit and had been incarcerated since December 2021 awaiting his sentencing hearing. Although Wynkoop agreed that he must be held accountable for his actions, he emphasized that there were "a lot of pieces to the puzzle." Wynkoop argued that he did "some things well" while on probation, including reporting his drug addiction, seeking treatment, and successfully completing a 30-day drug treatment program at Phoenix House. Wynkoop acknowledged that he had incurred a new burglary felony, but he argued that the sentence he received for that conviction was "a punishment in and of itself." Noting that he was a different person when he was not using methamphetamine, Wynkoop stressed that, upon his release from incarceration, he would comply with the terms of his probation, including substance abuse and mental health treatments.

---

[3] The discretionary guidelines recommended a sentencing range of three months to one year of incarceration.

In allocution, Wynkoop asserted that addiction was a life-long struggle. He had completed treatment at the Phoenix House and helped two friends get into a rehabilitation program. The court recognized that Wynkoop had "good qualities" and had had periods of time when he "seem[ed] to do reasonably well" on probation. The court was impressed by Wynkoop's witnesses who spoke "highly" of him. Recognizing that addiction was a "demon," the court stressed the importance of a person acknowledging their addiction and making a commitment to "get themselves on the right track." The court also noted its obligation to balance Wynkoop's addiction with the safety of the community and, "at some point," consider longer periods of incarceration to protect the community and hold Wynkoop accountable for his actions.

In addition, the court found that Wynkoop's addiction "blur[red] in comparison" to his long criminal history. It noted that this was Wynkoop's third probation revocation on his 2012 convictions. The court explained that it had extended several opportunities and resources to Wynkoop, but he had failed to take advantage of those and, instead, continued to violate the law. After considering the evidence, arguments, and the guidelines, the court revoked the 2012 previously suspended sentences, imposing an active sentence of three years and six months' incarceration. In addition, the court revoked his 2019 previously suspended sentences, with "all but three months suspended." The court denied Wynkoop's motion to reconsider his sentence.

Wynkoop appeals. He challenges the active sentence the court imposed upon the revocation of his 2012 sentences. He argues that the court failed to consider the guidelines and, instead, imposed a sentence that "far exceed[ed] the high end of the guidelines."

ANALYSIS

Subject to the conditions of Code § 19.2-306.2, a court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the

court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). Wynkoop does not challenge the court's revocation of his previously suspended sentences. Rather, he contends that the court abused its sentencing discretion by imposing three years and six months' active incarceration. He emphasizes that the active sentence the court imposed exceeded the period of incarceration recommended under the discretionary guidelines.

Code § 19.2-306.1(B) provides that

> [i]f the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended.

The record demonstrates that Wynkoop incurred new criminal convictions during the suspension period. Thus, it was within the court's discretion to "impose or resuspend any or all" of the previously suspended sentences. *Id.* Moreover, the "[f]ailure to follow the provisions of [the revocation sentencing guidelines statute] or failure to follow the[m] . . . in the prescribed manner shall not be reviewable on appeal and shall not be used for the basis of any other post-proceeding relief." Code § 19.2-306.2(D).

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). By failing to cooperate with probation and committing new offenses, Wynkoop demonstrated that he was not amenable to rehabilitation. "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56

- 6 -

Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Wynkoop failed to make productive use of the grace that had been extended to him. Having reviewed the record, we hold that the court did not abuse its discretion. *See Alsberry v. Commonwealth*, 39 Va. App. 314, 321-22 (2002) (finding that the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety "in light of the grievous nature of [the defendant's] offenses and his continuing criminal activity").

Finally, Wynkoop argues that the precedent presuming a court's sentence to be reasonable so long as it does not exceed the statutory maximums "should be overturned." But this Court is "'bound by the decisions of the Supreme Court of Virginia and [is] without authority to overrule' them." *Warren v. Commonwealth*, 69 Va. App. 659, 669 (2019) (quoting *O'Malley v. Commonwealth*, 66 Va. App. 296, 301 (2016)); *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017) (same). Similarly, under the interpanel accord doctrine, a prior decision of a panel of this Court "cannot be overruled except by the Court of Appeals sitting *en banc* or by the Virginia Supreme Court." *Butler v. Commonwealth*, 64 Va. App. 7, 12-13 (2014) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)); *Vay*, 67 Va. App. at 257 (same). Thus, we must reject Wynkoop's request for relief we have no authority to give.

CONCLUSION

We find no abuse of the trial court's broad sentencing discretion and are without authority to modify or reverse existing precedent. Accordingly, the trial court's judgment is affirmed.

*Affirmed.*